EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Carlos Almodóvar Negrón<br><br>Recurrido | 2017 TSPR 142<br><br>198 ____ |

Número del Caso: CC-2017-518

Fecha: 2 de agosto de 2017

Tribunal de Apelaciones:

       Región Judicial de Mayagüez

Oficina del Procurador General

       Lcdo. Luis Román Negrón
       Procurador General

       Lcdo. Isaías Sánchez Báez
       Sub Procurador General

       Lcda. Lisa M. Durán Ortiz
       Procuradora General Auxiliar

Abogados de la parte recurrida:

       Lcdo. José Soler Fernández
       Lcdo. Luis A. Gutierrez Marcano
       Lcda. Blanca Portela Martínez

Materia: Sentencia del Tribunal con Opinión disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | | *Certiorari* |
| --- | --- | --- |
| Peticionario | | |
| v. | CC-2017-518 | |
| Carlos Almodóvar Negrón | | |
| Recurrido | | |

SENTENCIA

En San Juan, Puerto Rico, a 2 de agosto de 2017.

Comparece ante nos el Pueblo de Puerto Rico (peticionario) y nos solicita que revoquemos una Sentencia emitida por el Tribunal de Apelaciones. Mediante esta, el foro *a quo* revocó la Resolución del Tribunal de Primera Instancia en la que el foro primario denegó la Moción de Desestimación presentada por el Sr. Carlos Almodóvar Negrón (recurrido). Consecuentemente, dejó sin efecto la determinación de causa probable para arresto que realizó el foro de instancia el pasado 26 de febrero de 2017.

A continuación, examinamos los hechos que dieron génesis a la controversia de autos.

I

El 25 de febrero de 2017, el Ministerio Público presentó una Denuncia contra el recurrido. Se le imputó la violación al Artículo 2.8 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA sec. 601 *et seq.* (Ley Núm. 54). Ello, por alegadamente haber violado la orden de protección, OPA-2017-00212, concedida por la Hon.

Vilmary Rodríguez Pardo, el 23 de febrero de 2017.[1] El 26 de febrero de 2017, se celebró la Vista de Causa Probable para Arresto al amparo de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II. El recurrido compareció sin representación legal. Tras examinar la prueba, el foro de instancia encontró causa probable para el arresto del recurrido.[2]

Inconforme, esta vez representado por la Sociedad para Asistencia Legal, el señor Almodóvar Negrón solicitó la desestimación de la Denuncia. Sostuvo que era sordo, que no conocía el lenguaje de señas y que no podía leer labios, por lo que necesitaba un acomodo razonable para comprender los procedimientos en su contra. Arguyó que durante la Vista de Causa Probable para Arresto no se le confirió un intérprete de labios ni acomodo razonable alguno. El recurrido alegó que el foro de instancia conocía de su condición auditiva y que, como corolario, no haberle provisto la asistencia de un intérprete de labios constituyó una violación a su debido proceso de ley.

El 7 de abril de 2017, el Tribunal de Primera Instancia emitió una Resolución y Orden en la que denegó la solicitud de desestimación del imputado. Inconforme, el 3 de mayo de 2017, este acudió al Tribunal de Apelaciones mediante una Petición de *Certiorari*. Asimismo, presentó una Moción en Auxilio de Jurisdicción en la que solicitó

---

[1] Denuncia fechada el 25 de febrero de 2017. Véase: Petición de *Certiorari,* Apéndice, pág. 1. La orden de protección estaba vigente hasta el 6 de marzo del 2017.

[2] La determinación de causa probable para arresto estuvo basada en prueba testifical, la cual consistió en el testimonio de la presunta víctima, la Sra. María Maldonado Cintrón y el Agente Estatal Exel Camacho Sánchez.

la paralización de la Vista Preliminar pautada para el 5 de mayo de 2017. Así las cosas, el foro *a quo* ordenó la paralización del procedimiento ante el foro de instancia.

Luego de varios trámites procesales, el 31 de mayo de 2017, el Tribunal de Apelaciones emitió una Sentencia en la que expidió el recurso de *certiorari* y revocó la Resolución del foro de instancia. Consecuentemente, anuló la determinación de causa probable para arresto que hizo el foro primario y ordenó la devolución del caso. Asimismo, ordenó al Tribunal de Primera Instancia a examinar pericialmente al recurrido para determinar las medidas de acomodo razonable que le debían ser provistas, previo a la celebración de una nueva Vista de Causa Probable para Arresto.

Así las cosas, el 23 de junio de 2017, la Oficina del Procurador General presentó la Petición de *Certiorari* de epígrafe y señaló la comisión del error siguiente:

> Erró el Tribunal de Apelaciones al desestimar la denuncia por violación a una orden de protección a pesar de los acomodos razonables que brindó la jueza instructora de causa (aproximó al imputado al estrado, el agente [repitió] los procedimientos, los participantes declararon en voz alta, además de que el imputado fue ubicado estratégicamente del lado en que llevaba el audífono) y disponer que previo a la celebración de la vista de arresto –de naturaleza informal y flexible–, el debido proceso de ley, exige una audiencia para evaluar pericialmente el impedimento del imputado.

*Ab interim,* el imputado presentó un recurso de *habeas corpus* ante el Tribunal de Apelaciones. El foro *a quo* pautó una vista para el 29 de junio de 2017. Ese mismo día, el Procurador General presentó ante nos una *Urgente Solicitud de Paralización de los Efectos de la Sentencia del Tribunal de Apelaciones*, la cual denegamos.

Celebrada la vista, el Tribunal de Apelaciones ordenó la excarcelación del imputado. En vista de ello, la Oficina del Procurador General acudió nuevamente ante nos, esta vez mediante una *Urgente solicitud para un trámite expedito.* Solicitó que tramitáramos expeditamente el recurso de *certiorari* que nos ocupa y que, entretanto resolvíamos los méritos del mismo, reinstaláramos la determinación de causa probable para arresto realizada por el foro de instancia. Tras examinar el expediente, y ante la seriedad de los asuntos esbozados, el 3 de julio de 2017 emitimos una Resolución en la que ordenamos la reinstalación de la determinación de causa probable para arresto realizada por el foro primario y le concedimos al recurrido un término de diez (10) días para mostrar causa por la cual no debíamos revocar la Sentencia del Tribunal de Apelaciones.

El 11 de julio de 2017, el recurrido compareció mediante un *Escrito Urgente de Mostrar Causa* en el que reafirmó sus planteamientos originales. En síntesis, arguyó que era audio impedido, por lo que se le debió proveer un intérprete que lo ayudara a comprender las declaraciones de quienes testificaron en la Vista de Causa Probable para Arresto. Indicó que no se le proveyó dicho intérprete y que los acomodos que le concedieron fueron "insuficientes para superar [su] deficiencia auditiva".[3] En fin, sostuvo que no pudo ejercer su derecho a escuchar las declaraciones de los testigos de cargo y poder refutarlas.

---

[3] Escrito Urgente de Mostrar Causa, págs. 3, 6. El Sr. Carlos Almodóvar Negrón indicó que el Tribunal lo posicionó cerca del estrado del lado en que tenía el audífono (el cual estaba defectuoso) y le peticionó a los testigos que hablaran en voz alta. No obstante, según el recurrido lo anterior no era suficiente por la magnitud de su deficiencia auditiva.

Contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de resolver.

II

La Regla 64(p) de Procedimiento Criminal es el vehículo procesal que tiene a su disposición toda persona imputada de delito para solicitar la desestimación de la denuncia o acusación, por el fundamento de:

> [q]ue se ha presentado contra [él o ella] una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho. 34 LPRA Ap. II.

Al amparo de esta disposición, el imputado de delito puede impugnar la determinación de causa probable por dos fundamentos, a saber: (1) por ausencia total de prueba o (2) por la violación de algún requisito o derecho procesal que debió haber sido garantizado. Véase: *Pueblo v. Negrón Nazario,* 191 DPR 720, 735 (2014)*; Pueblo v. Rivera Cuevas,* 181 DPR 699, 707-708 (2011); *Pueblo v. Rivera Vázquez*, 177 DPR 868, 878 (2010).

Al determinar cuándo es el momento oportuno para presentar una moción bajo la Regla 64(p) de Procedimiento Criminal, *supra,* es preciso examinar si el imputado enfrenta cargos por un delito menos grave o por un delito grave. Particularmente, en un caso por delito grave, lo que se pretende desestimar mediante una moción bajo la Regla 64(p) de Procedimiento Criminal, *supra,* es la acusación.[4] Ahora bien, de ordinario, la acusación no es presentada sino hasta después de que el foro de instancia haya hecho una determinación de causa probable para acusar

---

[4] Esta es la primera alegación del Estado en un proceso iniciado ante el Tribunal Superior. Regla 34(a) de Procedimiento Criminal, 34 LPRA Ap. II.

en la Vista Preliminar celebrada en virtud de la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II. Es a partir de tal determinación que el Ministerio Público queda facultado para presentar el pliego acusatorio y someter al imputado de delito a todos los rigores de un juicio plenario. *Pueblo v. Rodríguez Aponte,* 116 DPR 653, 665 (1985); 34 LPRA Ap. II, R.24(c).

En *Pueblo v. Jiménez Cruz,* 145 DPR 803, 815 (1998), enunciamos que, en casos por delito grave, la Moción de Desestimación bajo la Regla 64(p) tiene el único efecto de revisar la determinación de causa probable que se hace tras la celebración de la Vista Preliminar. Por tal razón, resolvimos que "cuando el delito imputado es de carácter grave, el momento oportuno para presentar una moción de desestimación al amparo de la citada Regla 64(p) es con posterioridad a la presentación de la acusación por tal delito". Íd., págs. 815-816. Como corolario, avalamos la actuación del foro primario, que denegó, por prematura, una moción bajo la Regla 64(p) de Procedimiento Criminal, *supra.* Allí, el entonces imputado solicitó la desestimación de la denuncia que pesaba en su contra por delitos graves, luego de la determinación de causa probable para arresto en alzada pero antes de haberse celebrado la Vista Preliminar. En fin, determinamos que aún no se había presentado acusación alguna que pudiera ser desestimada. Íd., pág. 816.

III

A la luz de la normativa expuesta, pasemos a analizar los hechos particulares del caso de autos.

El 25 de febrero de 2017, el Ministerio Público presentó una Denuncia contra el señor Almodóvar Negrón por presuntamente haber infringido el Art. 2.8 de la Ley Núm. 54.[5] Este artículo dispone que:

> [c]ualquier violación a sabiendas de una orden de protección expedida de conformidad con esta Ley, será castigada como **delito grave** de tercer grado en su mitad inferior. 8 LPRA sec. 628.

El foro de instancia determinó que existía causa probable para arrestar al señor Almodóvar Negrón el 26 de febrero de 2017. La solicitud de desestimación en cuestión fue presentada el 17 de marzo del mismo año. Para esa fecha aún no se había presentado el pliego acusatorio o acusación en contra del señor Almodóvar Negrón. Peor aún, ni siquiera se había celebrado la Vista Preliminar, audiencia en la que –de encontrarse causa probable para acusar– el Tribunal de Primera Instancia autoriza la presentación de la acusación o pliego acusatorio correspondiente. Así lo reconoció la propia defensa en su *Escrito Urgente de Mostrar Causa* al indicar que "[e]n el caso de autos el planteamiento de violación al debido proceso de ley [...] se presentó tan pronto hubo una oportunidad **e inclusive mucho antes de que se pautara la vista preliminar**".[6] (Énfasis suplido). Por consiguiente, resulta forzoso concluir que la Moción de Desestimación bajo la Regla 64(p) de Procedimiento Criminal, *supra,* presentada por el señor Almodóvar Negrón era prematura.

IV

---

[5] Petición de *Certiorari,* Apéndice, pág. 1.

[6] Escrito Urgente de Mostrar Causa, pág. 9.

Por todo lo anterior, se revoca el dictamen emitido por el Tribunal de Apelaciones. Debido a que al señor Almodóvar Negrón se le imputa un delito grave y a la fecha de presentada la Moción de Desestimación no se había presentado acusación alguna que pudiera ser desestimada, concluimos que la solicitud del recurrido fue prematura y el Tribunal de Primera Instancia actuó correctamente al denegarla. Por lo tanto, erró el foro *a quo* al dejar sin efecto la determinación de causa probable para arresto que hizo el foro de instancia. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos consistentes con estos pronunciamientos.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez disiente con opinión escrita a la cual se unen el Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita y el Juez Asociado señor Estrella Martínez disiente con la siguiente expresión:

> "El Juez Asociado señor Estrella Martínez disiente del curso de acción seguido por una mayoría de este Tribunal en el caso de epígrafe, por los fundamentos expuestos en su Voto particular disidente emitido en El Pueblo de Puerto Rico v. Lory Frey, res. el 7 de junio de 2017, 2017 TSPR 97."

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                       CC-2017-0518

Carlos Almodóvar Negrón

    Recurrido

Opinión disidente emitida por la Jueza Presidenta ORONOZ RODRÍGUEZ, a la cual se unen el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ y el Juez Asociado SEÑOR COLÓN PÉREZ.

En San Juan, Puerto Rico, a 2 de agosto de 2017.

Este Tribunal se ha expresado anteriormente en torno al derecho que tiene una persona a un acomodo razonable cuando una dificultad lingüística o física imposibilita que comprenda un procedimiento criminal que se ventila en su contra. Así, en <u>Pueblo v. Moreno González</u>, 115 DPR 298 (1984), resolvimos que constituye una violación al debido proceso de ley someter a una persona con impedimentos auditivos a un juicio criminal sin proveerle un intérprete. Así también, en <u>Pueblo v. Branch</u>, 154 DPR 575 (2001), resolvimos que igual violación ocurre en una vista preliminar en la que no se le provee un traductor a una persona que no habla español y, por lo tanto, no comprende las incidencias de la vista.

En ambos casos expresamos que el derecho de estas personas a un debido proceso de ley se extiende a "todo el proceso". Pueblo v. Moreno González, supra, pág. 304; Pueblo v. Branch, supra, pág. 581. En particular, en Pueblo v. Branch, supra, reconocimos la aplicación en pleno vigor de este derecho en la etapa de vista preliminar, puesto que incluso desde esta un ciudadano está expuesto a los rigores de un procedimiento criminal que atenta contra sus intereses libertarios. Íd., págs. 579, 582-583. Sostuvimos que el hecho de que la falta de un intérprete ocurra "en etapas previas al juicio en su fondo", no eximía la violación constitucional pues este tipo de limitaciones ameritan que un acusado esté "asistido de un intérprete durante la celebración de *todo* el proceso". Íd., pág. 587 (citando Pueblo v. Moreno González, supra, pág. 304)(énfasis en el original).

En el caso ante nosotros la controversia de fondo es si el mismo derecho a un debido proceso de ley – incluyendo el derecho a un acomodo razonable de una persona con una condición auditiva – se extiende a la etapa más temprana del procedimiento criminal donde se determina causa para arresto, entiéndase la Regla 6. Según nuestra jurisprudencia, la capacidad de un ciudadano de comprender el procedimiento criminal en su contra es una "consecuencia lógica de la noción fundamental, inmersa en la cláusula constitucional que garantiza un debido proceso de ley, de que una persona no debe estar sujeta a un proceso judicial injusto". Pueblo v. Branch, supra, pág. 580. Por tanto, me

parece que si esa consecuencia lógica debe aplicar a *todo* el procedimiento criminal instado contra ese ciudadano, esto incluye la etapa de Regla 6 mediante la cual se determina causa probable para arrestarlo y continuar una acción criminal en su contra.

Considero que una noción tan básica del debido proceso de ley, que además procura un ejercicio igualitario y equitativo de la ley frente a poblaciones socialmente desventajadas, no debe requerir demasiadas explicaciones para ser vindicado en nuestros tribunales en el siglo XXI. Además de hallar fundamentos en nuestro derecho constitucional, esta se sostiene en principios de derechos humanos y acceso real a la justicia.[7] En ese sentido, creo que la postura mayoritaria que hoy le niega ese derecho al Sr. Carlos Almodóvar Negrón  responde a la noción de que el ordenamiento vigente no provee un remedio adecuado para vindicarlo, más que a un rechazo de la existencia de ese derecho. Disiento respetuosamente de esa postura pues no puedo avalar un entendido tan estéril de los derechos fundamentales.

La Regla 6 es el mecanismo procesal mediante el cual se satisface la exigencia constitucional de que se determine causa probable para arrestar o detener a una persona. Pueblo v. Irizarry, 160 DPR 544, 555 (2003). Se entiende que la determinación de causa probable marca el

---

[7] Véase El Pueblo de Puerto Rico v. Frey, 2017 TSPR 97, págs. 7-8, 198 DPR __ (2017)(Opinión Disidente, J. Estrella Martínez)(donde se discuten los principios de derechos humanos que cobijan a personas con impedimentos lingüísticos para comprender los procedimientos criminales).

inicio de la acción penal en nuestro ordenamiento, pues a partir de esta el tribunal adquiere jurisdicción sobre el imputado y éste está sujeto a responder por sus actos. Pueblo v. Rivera Martell, 173 DPR 601, 608 (2008). Además, "[s]in esta determinación de causa probable el proceso no puede continuar". E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. III, Forum, 1995, págs. 4-5. Así, "se evita que el Estado someta a una persona a un procedimiento criminal arbitrario y lo encause criminalmente sin base para ello". Pueblo v. Rivera Martell, supra, pág. 609.

Por su parte, la vista preliminar es el mecanismo procesal mediante el cual se determina causa probable para acusar de un delito grave. Esta le provee al imputado la oportunidad de derrotar la acción en su contra a través de un procedimiento más formal y riguroso que el provisto en Regla 6. Véase E.L. Chiesa Aponte, op cit., pág. 23. Es por eso que se ha entendido que a través de la vista preliminar es que una parte puede revisar una determinación de causa probable por delito grave realizada en Regla 6.[8] De ahí que se considere prematura una moción de desestimación bajo la Regla 64(p) de Procedimiento Criminal que se presentó antes de que se celebrara la vista preliminar, pues esta última supone el remedio del imputado para revisar la determinación de causa probable hallada en Regla 6,

---

[8] "En caso por delito grave, la vista preliminar misma tiene el efecto de la revisión inmediata de la determinación de causa probable para arresto". E.L. Chiesa Aponte, op cit., pág. 23. Véase Pueblo v. Jiménez Cruz, 145 DPR 803, 813-815 (1998).

mientras que la moción de desestimación bajo la Regla 64(p) hace lo propio para revisar la determinación de causa probable en vista preliminar. E.L. Chiesa Aponte, op cit., pág. 182.

Las expresiones de este Tribunal en Pueblo v. Jiménez Cruz, 145 DPR 803, 815 (1998), en torno a que "la determinación positiva de causa probable para acusar, luego de celebrada la vista preliminar, subsana cualquier error que hubiese habido en la determinación de causa probable para arrestar", responden al esquema procesal antes descrito. Por lo tanto, "cuando el delito imputado es de carácter grave, el momento oportuno para presentar una moción de desestimación al amparo de la citada Regla 64(p) es con posterioridad a la presentación de la acusación por tal delito". Íd., págs. 815-816.

Esta postergación del recurso de desestimación bajo la Regla 64(p) hasta luego de la vista preliminar no está codificada de esa manera en las Reglas de Procedimiento Criminal. Más bien se trata de una interpretación de la progresión ordinaria del procedimiento criminal. Ahora bien, el problema con una lectura terminante de Pueblo v. Jiménez Cruz, supra, es que se utilice, como lo hace la Mayoría en el caso de epígrafe, para subsanar errores mayores en Regla 6 que trasciendan la determinación en sí de causa probable. Así, por ejemplo, ¿qué ocurre cuando el error en Regla 6 supone una violación crasa del debido proceso de ley? ¿Subsana la vista preliminar absolutamente

todo vicio constitucional suscitado en Regla 6? Tomemos en cuenta en lo siguiente.

En Pueblo v. Rivera Martell, supra, se reconoció que, conforme al debido proceso de ley, un ciudadano tiene derecho a ser citado a la audiencia de causa probable para arresto en Regla 6.[9] Luego, en Pueblo v. Rueda Lebrón, 187 DPR 366 (2012), este Tribunal reiteró lo resuelto en Pueblo v. Rivera Martell, supra, e insistió que solo bajo algunas circunstancias se justifica someter el caso en ausencia del imputado. Para procurar el cumplimiento con esta norma, se resolvió además que la mejor práctica del Ministerio Público es acreditar en la boleta en que se autorice el sometimiento del caso en ausencia del imputado las razones para ello.

Nótese que, al resolver Pueblo v. Rueda Lebrón, supra, el Tribunal se preguntó si la falta de una constancia en la boleta de las razones para someter el caso en ausencia del imputado "acarrea[ba] irremediablemente la desestimación de las denuncias contra el imputado". Íd., pág. 368. En otras

---

[9] "Esto último se impone más aún si tomamos en cuenta que, una vez el legislador incorpora ciertos derechos por vía estatutaria, éstos pasan a formar parte integral del debido proceso de ley. En el contexto de la Regla 6, precisamente, el legislador incorporó unas garantías a favor de los imputados de delito en la etapa de determinación de causa probable para el arresto. Evidentemente, para poder ejercer estas garantías estatutarias los imputados, de ordinario, deben estar presentes. Para esto se requiere, sin duda, que se les cite a la vista de determinación de causa probable para el arresto. Tal requisito es el mecanismo para darle vigencia a los derechos conferidos en el tercer párrafo de la Regla 6(a) y constituye una consecuencia razonable de la norma que nos requiere suplir las lagunas que surgen de la ley e interpretarla de forma tal que guarde armonía y lógica interna". Pueblo v. Rivera Martell, supra, págs. 615-616.

palabras, este Tribunal reconoció implícitamente que un incumplimiento injustificado con la norma de <u>Pueblo v. Rivera Martell</u>, <u>supra</u>, podría conllevar la desestimación de una acción penal. No obstante, esa no sería la consecuencia si, incluso cuando no se consignen las razones para no citar al sospechoso, "del expediente surge información que permita concluir razonablemente que el magistrado recibió las justificaciones en cuestión". <u>Íd.</u>, págs. 377-378. La pregunta obligada sería qué ocurre en el caso contrario, esto es, allí donde no se consignan las justificaciones para no citar al sospechoso y estas tampoco surgen del expediente. La respuesta, según la premisa del párrafo introductorio de <u>Pueblo v. Rueda Lebrón</u>, <u>supra</u>, es que procedería la desestimación de la denuncia.[10]

Traigo a colación este ejemplo porque refleja una incompatibilidad similar a la del caso aquí en controversia. Se trata de la tensión que genera una jurisprudencia (i.e., <u>Pueblo v. Rivera Martell</u>, <u>supra</u>; <u>Pueblo v. Branch</u>, <u>supra</u>) que reconoce unos derechos fundamentales extensibles a la etapa de Regla 6, *vis à vis* otra jurisprudencia que dispone que todo error en Regla 6 se subsana en vista preliminar (i.e., <u>Pueblo v. Jiménez Cruz</u>, <u>supra</u>), por lo que una moción de desestimación previa a esta última vista es prematura. El profesor Chiesa Aponte identificó esta tensión en el contexto de <u>Pueblo v. Rivera</u>

---

[10] "El hecho de que el Ministerio Público no escriba en la boleta de autorización las razones para someter el caso ante un magistrado para que éste determine causa para arresto en ausencia, ¿acarrea irremediablemente la desestimación de las denuncias contra el imputado?". <u>Pueblo v. Rueda Lebrón</u>, <u>supra</u>, pág. 368.

_Martell_, _supra_, y _Pueblo v. Rueda Lebrón_, _supra_.[11] Este sostuvo que "aplicar la norma de _Jiménez Cruz_ para declarar prematura toda moción de desestimación de denuncia -presentada antes de la vista preliminar- fundamentada en que no procedía la audiencia de Regla 6 sin citar al imputado, haría poco menos que superflua la norma de _Rivera Martell_ de citar al imputado a la vista de causa probable para arresto". E.L. Chiesa Aponte, Derecho Procesal Penal, 83 Rev. Jur. UPR 831, 843 (2014).

Se trata una incompatibilidad normativa puesto que se están reconociendo unos derechos formales en la etapa de Regla 6 (i.e., derecho a ser citado o derecho a un acomodo razonable en todo el proceso criminal) pero a la vez se deniega un remedio eficaz para vindicar esos derechos. Esto, pues, con toda probabilidad la moción de desestimación resultará infructuosa en la medida en que, según Pueblo v. Jiménez Cruz, _supra_, se posterga hasta luego de la vista preliminar, cuando presuntamente ya el error se haya subsanado. Sabido es que no hay derecho sin remedio y que de nada sirve que constitucionalmente se mandate un debido proceso de ley si el ciudadano no tiene forma de vindicarlo. Peor aún, bajo el entendido mayoritario no hay incentivo de garantizar el cumplimiento de esos derechos en Regla 6 cuando cualquier falta se puede subsanar en la vista preliminar.

---

[11] E.L. Chiesa Aponte, Derecho Procesal Penal, 83 Rev. Jur. UPR 831, 843 (2014)(donde se plantea que este Tribunal debió abordar en Pueblo v. Rueda Lebrón "este problema de la tensión entre _Rivera Martell_ y _Jiménez Cruz_").

A mi modo de ver, resulta insostenible la negatoria a un debido proceso de ley en cualquier etapa del procedimiento criminal de un ordenamiento que se precie justo y democrático. Un derecho tan básico como la facultad de un ciudadano de comprender - de ser necesario, mediante acomodo razonable – el procedimiento criminal al que se expone tiene que hallar reconocimiento y remedio eficaz en nuestro estado de derecho. De ahí que considero que una moción de desestimación bajo la Regla 64(p) provee un vehículo procesal adecuado para ello y que Pueblo v. Jiménez Cruz, supra, no aplica cuando el fundamento de la desestimación es una violación manifiesta al debido proceso de ley en la etapa de Regla 6.[12]

Lo contrario sería reducir el derecho a un debido proceso de ley a una aspiración superflua, según identificara el profesor Chiesa Aponte en el contexto de Pueblo v. Rivera Martell, supra. Con relación al caso ante nuestra consideración, estaríamos además promoviendo "un Estado que protege más el derecho de un impedido a estacionarse cerca de un establecimiento comercial que el derecho de [una persona sorda] a entender un proceso en el que podría perder su libertad". Pueblo v. Marangely Nazario, KLCE201600714 (30 de junio de 2016)(Opinión Disidente, J. Nieves Figueroa). Esa precisamente es la

---

[12] Igual razonamiento se hizo en Pueblo v. Branch, supra, al utilizar la Regla 64(p) de Procedimiento Criminal como instrumento para vindicar la lesión de un derecho constitucional. Este Tribunal sostuvo entonces: "el mecanismo procesal que provee la Regla 64(p) de Procedimiento Criminal constituye un instrumento adecuado para vindicar la lesión a los derechos de un acusado en etapas tempranas del trámite judicial por razón de carecer de un intérprete cuando tenía una necesidad real de dicha asistencia". Íd., pág. 584.

consecuencia en términos prácticos del proceder mayoritario.

A base de todo lo anterior, resolvería que una persona que demuestra la necesidad real de un acomodo razonable en Regla 6 tiene derecho a que se tomen las medidas apropiadas para garantizar su comprensión del procedimiento en cuestión. Pueblo v. Branch, supra, pág. 582. Cuando no se provea acomodo razonable suficiente, como ocurrió en el caso de epígrafe, se viola el derecho al debido proceso de ley del imputado. No es aceptable que una violación de tal magnitud al inicio del procedimiento penal se subsane en vista preliminar bajo Pueblo v. Jiménez Cruz, supra, por lo que en estas circunstancias consideraría oportuna una moción de desestimación presentada antes de dicha vista.

Puesto que esa no es la postura prevaleciente en este Tribunal, disiento. Para una Mayoría, Pueblo v. Jiménez Cruz, supra, opera como una tábula rasa capaz de borrar del procedimiento criminal cualquier error suscitado en Regla 6, incluso aquel que priva a un imputado con impedimentos auditivos de conocer mínimamente lo que ocurre en el mismo inicio de la acción penal. ¿Habrá un derecho más elemental que ese en un ordenamiento jurídico?


Maite D. Oronoz Rodríguez
Jueza Presidenta