ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**WILSON J. RIVERA RODRÍGUEZ**<br><br>Peticionario | TA2025CE00679 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Crim. Núm.:<br>**B IC2025G0002<br>B LA2025G0056<br>B LA2025G0057**<br><br>Sobre:<br>Tent. Art. 109 CP, Art. 6.06 Ley 168 (2 cargos) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece ante este foro revisor, mediante recurso de certiorari, Wilson J. Rivera Rodríguez (Rivera Rodríguez o peticionario) y nos solicita que revoquemos la Resolución emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de Aibonito. Por medio del dictamen recurrido, el foro de instancia declaró *no ha lugar* la solicitud de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal, *infra*, instada por Rivera Rodríguez.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

## I.

Surge del expediente ante nuestra consideración que, por hechos ocurridos el 14 de febrero de 2025, el Ministerio Público presentó cuatro (4) denuncias contra Rivera Rodríguez, dos por infracciones a los Artículos 93 (A) y 108 del *Código Penal de Puerto Rico*, Ley Núm. 146-2012, 33 LPRA secs. 5142 y 5161, y otras dos

por infracciones al Artículo 6.06 de la *Ley de Armas de Puerto Rico*, Ley Núm. 168-2019, 25 LPRA sec. 466e. En las referidas denuncias se alegó que Rivera Rodríguez realizó actos dirigidos a ocasionarle la muerte al Sr. José M. Meléndez Robles al arrollarle en dos ocasiones; utilizar un bate de aluminio en la comisión del delito y ocasionar una lesión a la integridad corporal al rociar *pepper spray* en los ojos.

Tras la determinación de causa probable para arresto, el 27 de junio y 8 de junio de 2025, se celebró la vista preliminar. Una vez concluida la misma, el foro de instancia determinó causa para juicio contra Rivera Rodríguez.

Así las cosas, el Ministerio Público presentó las correspondientes acusaciones, a saber, dos (2) acusaciones por violaciones al Artículo 6.06 de la Ley de Armas de Puerto Rico, *supra*, y una (1) por violación al Artículo 109 (delito menor incluido) del Código Penal de Puerto Rico, 33 LPRA sec. 5162. Posteriormente, el 17 julio de 2025, se llevó a cabo la vista de lectura de acusación.

En lo pertinente, el 24 de julio de 2025, Rivera Rodríguez instó una *Moción en Solicitud de Desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal y el debido proceso de ley*. En su escrito, sostuvo que las acusaciones debían ser desestimadas debido a que no se determinó causa probable para juicio conforme a derecho. El peticionario arguyó que durante la vista preliminar el Ministerio Público presentó como evidencia, a través del testimonio del agente Ángel Rivera (agente Rivera), el formulario PPR-612.1 de Consentimiento al Registro, la PPR-128 de Inventario de Vehículo y manifestaciones de carácter testimonial realizadas por su madre, quien no estuvo disponible como testigo. Puntualizó que dichas manifestaciones eran inadmisibles en evidencia por constituir prueba de referencia y, a su vez, adujo que se le violentó su derecho a la confrontación y al debido proceso de ley.

Por su parte, el 15 de agosto de 2025, el Ministerio Publicó presentó su *Moción en Oposición a Solicitud de Desestimación incoada por la defensa*. En síntesis, refutó que la vista preliminar se efectuó conforme a derecho pues al peticionario se le garantizaron todos los derechos reconocidos en dicha etapa. Planteó además que el documento mediante el cual la madre de Rivera Rodríguez autorizó el registro del vehículo no constituía prueba de referencia pues su firma no era una declaración conforme a lo dispuesto en la Regla 801 de Evidencia, 2 LPRA Ap. VI, R. 801. En ese sentido, expuso que la firma en el referido documento no se presentó con el propósito de aseverar un hecho sino para validar que el proceso del registro se realizó conforme a lo dispuesto por las leyes y reglamentos.

Evaluadas las posturas de las partes, el 19 de agosto de 2025, el foro instancia emitió la *Resolución* que hoy revisamos. Mediante la misma, declaró *No Ha Lugar* la solicitud de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal, *infra*, instada por el peticionario. Razonó que el consentimiento de la madre de Rivera Rodríguez no era una declaración testimonial sino el acto de consentir a una acción. Por ello, concluyó que las declaraciones presentadas a través del testimonio del agente Rivera no pretendían probar ni establecer la verdad de lo aseverado sobre la comisión de los delitos por los cuales se le acusaba a Rivera Rodríguez sino que recaían únicamente sobre la validez del registro.

En desacuerdo, el 3 de septiembre de 2025, el peticionario incoó una *Moción en Solicitud de Reconsideración* mediante la cual reiteró que tanto el testimonio del agente Rivera sobre el alegado consentimiento de su progenitora como los formularios preparados por la policía eran de carácter testimonial. Así, insistió en que la prueba presentada por el agente Rivera era inadmisible toda vez que no tuvo oportunidad de contrainterrogar a la declarante. No

obstante, mediante *Resolución* emitida el 25 de septiembre de 2025, el foro primario denegó la solicitud de reconsideración presentada por el peticionario.

Aun inconforme, Rivera Rodríguez recurre ante nos mediante *Petición de Certiorari Criminal* y plantea que el Tribunal de Primera Instancia cometió el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia como cuestión de derecho al declarar No Ha Lugar la Moción de Desestimación al amparo de la Regla 64 (p) presentada por el peticionario [,] ello no conforme a las Reglas de Evidencia, las Reglas de Procedimiento Criminal y la jurisprudencia interpretativa.

El 25 de noviembre de 2025, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General, presentó su alegato.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Pueblo v. Román Feliciano*, 181 DPR 679, 684-690 (2011).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

---

[1] Véase, además, *León v. Rest. El Tropical*, 154 DPR 249 (2001).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).[2] En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte

---

[2] Véase, además, *IG Builders et al. v. BBVAPR,* 185 DPR 307, 339 (2012).

que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

En nuestro ordenamiento jurídico, el derecho a vista preliminar es de naturaleza estatutaria y se encuentra regulado por la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23. Este precepto procesal dispone que debe celebrarse una vista en todo caso en que se acuse a una persona por la comisión de un delito grave. Este filtro o cedazo judicial tiene el propósito de evitar que una persona sea sometida arbitraria e injustificadamente a los rigores de un juicio. Véase *Pueblo v. Ortiz, Rodríguez*, 149 DPR 363, 374 (1999).

Para lograr establecer la existencia de causa probable al amparo de la Regla 23, *supra*, el Ministerio Público debe presentar prueba que demuestre los elementos constitutivos del delito y la conexión del imputado con su comisión. Por su parte, el imputado puede presentar prueba a su favor y contrainterrogar a los testigos de cargo.

Tras examinar la prueba presentada, corresponderá al juez determinar si se ha establecido causa probable para acusar. De determinar que la hay, el juez deberá autorizar que se presente la acusación contra el imputado; de lo contrario, lo deberá exonerar y poner en libertad si es que está detenido. *Pueblo v. Rivera Vázquez*, 177 DPR 868, 875 (2010); *Pueblo v. Ríos Alonso*, 149 DPR 761, 766-767 (1999).

Ahora bien, durante la etapa de la vista preliminar, no se hace una adjudicación en los méritos sobre la culpabilidad de la persona imputada, pues esta etapa procesal no constituye un 'mini juicio'. En virtud de ello, el Ministerio Público no está obligado a presentar toda la prueba que tenga en su poder, sino únicamente aquella prueba que estime suficiente para sustentar su planteamiento de

que existe causa para acusar. *Pueblo v. Ortiz, Rodríguez*, supra, pág. 375. No obstante, la prueba presentada en vista preliminar debe ser evidencia admisible en el juicio. Regla 103(F) de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 103(F). Véanse, también, *Pueblo v. Rivera Vázquez*, supra, pág. 876; *Pueblo en el interés del menor KJSR*, 172 DPR 490, 498 (2007).

La Regla 23 de Procedimiento Criminal, *supra*, provee las siguientes garantías al imputado en esa etapa del proceso penal: 1) notificación y citación a la vista al menos cinco días antes de su señalamiento; 2) asistencia de abogado(a); 3) acceso a las declaraciones juradas de las personas testigos del Estado que declaren en la vista; 4) oportunidad de contrainterrogar esos testigos y ofrecer prueba a su favor; 5) que la prueba que presente el Ministerio Público sea admisible en el juicio y cumpla con el estándar probatorio aplicable, y 6) que la vista sea pública. *Pueblo v. Santiago Cruz y en interés Menor FLR*, 205 DPR 7, 28-29 (2020).

En suma, la celebración de la vista preliminar tiene como finalidad establecer la probabilidad de que el delito fue cometido por la persona encausada en el procedimiento criminal. *Pueblo v. Rivera Vázquez, supra*, pág. 875; *Pueblo v. Rodríguez Aponte*, 116 DPR 653, 664 (1985). En consecuencia, el *quantum* de prueba requerido en esta etapa de los procedimientos no es el aplicable al juicio —es decir, más allá de duda razonable—, sino que basta con que exista una *scintilla* de evidencia. *Pueblo v. Rivera Cuevas,* 181 DPR 699, 707 (2011).

## C.

La cláusula de debido proceso de ley, consagrada en la Sección 7 del Artículo II de la Constitución de Puerto Rico, LPRA, Tomo 1, ha sido denominada la disposición matriz de la garantía de los derechos individuales ante la intervención injustificada del Estado con el ciudadano. *Pueblo v. Montero Luciano*, 169 DPR 360,

370-371 (2006), citando a *Pueblo v. Vega*, 198 DPR 980 (1999). Esta cláusula abarca dos dimensiones: la sustantiva y la procesal. La esfera sustantiva protege los derechos y libertades que le concede la Constitución de Puerto Rico y la de Estados Unidos a los ciudadanos frente a la formulación de política pública por el Estado por vía legislativa o a través de reglamentación aprobada por las agencias del Poder Ejecutivo. Por su parte, la vertiente procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo sólo ocurra mediante un procedimiento justo y equitativo. Véase, *Pueblo v. Pagán Rojas et al.*, 187 DPR 465, 479 (2012).

Cónsono con lo anterior, la Constitución de Estados Unidos garantiza el derecho que tienen todos los acusados de delito a confrontar los testigos que se presenten en su contra durante cualquier proceso criminal. Enmda. VI, Const. EE. UU., LPRA, Tomo 1. Por igual, la Constitución de Puerto Rico reconoce un derecho similar al disponer que los acusados tendrán derecho a "carearse con los testigos de cargo" en procedimientos criminales. Art. II, Sec. 11, Const. de PR, LPRA, Tomo 1, ed. 2008, pág. 34. No obstante, **este derecho constitucional opera en la etapa del juicio**. *Pueblo v. Santiago Cruz y en interés menor FLR*, supra, pág. 22.

En ese sentido, el Tribunal Supremo de Puerto Rico destacó que "el fundamento principal para la exclusión de prueba de referencia es la falta de oportunidad para contrainterrogar". *Pueblo v. Zeno Torres*, 211 DPR 1 (2022)[3]. Así, sabido es que la prueba de referencia es definida como toda aquella declaración que no sea la que la persona declarante hace en el juicio o vista, que se ofrece en evidencia para probar la verdad de lo aseverado. Como regla general, este tipo de evidencia es inadmisible en los procesos judiciales.

---

[3] Citando a E.L., *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1992, Vol. 1, pág. 569.

Reglas 801(c) y 804 de Evidencia, 32 LPRA Ap. VI, R. 801(c) y 804. Su exclusión se debe a la falta de oportunidad de la parte adversa en contrainterrogar al declarante, los riesgos que ella representa en cuanto a la narración del evento, percepción, recuerdo del acontecimiento y sinceridad del declarante. *Pueblo v. Santiago Colón,* 125 DPR 442, 446 y 449 (1990) (Sentencia, Opinión concurrente del Juez Negrón García); *Pueblo v. García Reyes*, 113 DPR 843, 853 (1983). En otras palabras, es claro que dicha prueba lesiona el derecho que tienen las partes a confrontarse con la evidencia que se presente en su contra. *PNP v. Rodríguez Estrada, Pres. CEE*, 123 DPR 1, 34-35 (1988).

De otra parte, la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64, es el vehículo procesal que tiene a su disposición toda persona imputada de delito para solicitar la desestimación de la denuncia o acusación bajo el siguiente fundamento:

> [...]
>
> (p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de los mismos, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho.
>
> [...]

Véase, además, *Vázquez Rosado v. Tribunal Superior*, 100 DPR 592 (1972).

Al amparo de la referida Regla, el imputado de delito puede impugnar la determinación de causa probable por dos fundamentos, a saber: (1) por ausencia total de prueba o (2) por la violación de algún requisito o derecho procesal que debió haber sido garantizado. *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 626 (2021); *Pueblo v. Almodóvar Negrón*, 198 DPR 724, 728-729 (2017). Ambos fundamentos requieren una demostración clara del error que se imputa al magistrado, pues toda determinación de causa probable para acusar goza de una presunción de corrección. *Pueblo v. Rivera*

*Vázquez,* supra, pág. 878; *Pueblo v. Andaluz Méndez,* 143 DPR 656, 662 (1997); *Pueblo v. Rivera Alicea,* 125 DPR 37, 42-43 (1989).

**III.**

En su recurso, el peticionario aduce que erró el TPI, como cuestión de derecho, al denegar su solicitud de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal, *supra,* ello en contravención de las Reglas de Evidencia, las Reglas de Procedimiento y la jurisprudencia interpretativa. Es su contención que nuestro ordenamiento jurídico no ofrece espacio para que en la etapa de vista preliminar se admita evidencia que de ser presentada en el juicio sería inadmisible. Añade que las manifestaciones realizadas por el agente Rivera en torno al consentimiento de su progenitora, así como los documentos producto de dicho consentimiento, resultan inadmisibles por constituir prueba de referencia.

Por su parte, el Ministerio Público, por conducto de la Oficina del Procurador General, argumenta que, en la etapa de vista preliminar, al imputado únicamente le asisten los derechos procesales expresamente reconocidos en la Regla 23 de Procedimiento Criminal, *supra,* y que, si bien este puede invocar el derecho constitucional al debido proceso de ley, dicho derecho se circunscribe a las garantías estatutarias aplicables a dicha etapa procesal. Añade que, en esta etapa de los procedimientos, las Reglas de Evidencia no deben ser aplicadas con el rigor exigible en un juicio en su fondo. En la alternativa, afirma que el consentimiento informado de la madre del imputado no constituyó una declaración testimonial, ya que su propósito fue únicamente demostrar la legalidad del registro del vehículo.

Luego de examinar detenidamente el expediente, los argumentos esgrimidos por las partes en sus respectivos escritos, el derecho aplicable y la regrabación de la vista preliminar, colegimos

que le asiste la razón al recurrido y, en consecuencia, el TPI no incurrió en error.

Conviene recordar que la vista preliminar constituye un procedimiento de naturaleza estatutaria, cuyo propósito exclusivo es determinar si existe causa probable para creer que se ha cometido un delito y que el imputado fue quien lo cometió. El *quantum* de prueba exigido al Ministerio Público en una vista preliminar es el de una *scintilla* de evidencia. *Pueblo v. Rivera Cuevas*, supra. Ello responde a que, a diferencia del juicio en su fondo —donde deben probarse más allá de duda razonable todos los elementos del delito y su conexión con el acusado—, la vista preliminar descansa en un análisis de probabilidades.

Consistente con lo anterior, nuestro Tribunal Supremo ha reiterado que el Ministerio Público no viene obligado a presentar, en una vista preliminar, toda la prueba de la que dispone para establecer la culpabilidad del imputado en el juicio. Asimismo, ha reconocido que en esta etapa procesal no se requiere que la evidencia presentada cumpla estrictamente con todos los requisitos de admisibilidad exigibles en el juicio en su fondo, siempre que dicha evidencia posea suficiente valor probatorio para sustentar una inferencia racional de que el delito ocurrió y que el imputado estuvo vinculado al mismo.

A esos efectos, resulta incorrecto el planteamiento del peticionario en cuanto a que toda evidencia que sería inadmisible en la etapa del juicio debe ser automáticamente excluida de la vista preliminar. Recordemos que nuestro más Alto Foro ha desfavorecido determinar que las Reglas de Evidencia aplican en su totalidad a los procedimientos de vista preliminar y, por el contrario, ha permitido que estas se apliquen en determinados momentos, según las circunstancias especiales del caso y la discreción del juez de instancia. *Pueblo v. Pillot Rentas*, 169 DPR 746, 754 (2006)

A su vez, en el caso de autos, el testimonio del agente Rivera no constituyó prueba de referencia toda vez que este declaró sobre hechos que presenció personalmente en el desempeño de sus funciones, incluyendo las circunstancias bajo las cuales se obtuvo el consentimiento para el registro del vehículo. Tal testimonio no fue ofrecido para probar la veracidad de una declaración extrajudicial, sino para demostrar la legalidad del proceder policial, elemento pertinente para la determinación de causa probable en esta etapa de los procedimientos.

Luego de evaluar los testimonios del agente Rivera y del alegado perjudicado y otorgarles la credibilidad que les mereció, el tribunal concluyó que existía causa probable para acusar. En otras palabras, resolvió el juez de instancia que era probable tanto el hecho de que se cometieron los delitos imputados, consistentes en violaciones al Código Penal de Puerto Rico y a la Ley de Armas de Puerto Rico, como la conexión de dichos actos con Rivera Rodríguez.

Debido a que en la vista preliminar se presentó prueba suficiente para la etapa procesal en la que se encontraba, concluimos que la determinación efectuada por el foro primario fue correcta. La evidencia presentada cumplió con el *quantum* de prueba requerido, es decir, se presentó una *scintilla* de evidencia que permitió al juzgador de instancia realizar una determinación basada en probabilidades, conforme lo dispone nuestro ordenamiento jurídico. Ante el hecho de que el tribunal no incumplió con los requisitos de ley y jurisprudenciales que rigen la determinación de causa probable en una vista preliminar, colegimos que no se cometió el error señalado.

## IV.

Por los fundamentos antes esbozados, se ***deniega expedición*** del auto de certiorari.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones