Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>JUAN MALDONADO DE JESÚS<br>AARON VICK<br><br>Recurridos | KLCE202201066 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.<br>K VP2021-2767 al 2771<br>K VP2022-1281 al 1284<br><br>Sobre:<br>Art. Tent. 202, 217, 254 y 212 Código Penal de Puerto Rico |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Grana Martínez y el Juez Adames Soto.

*Bermúdez Torres, Juez Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Aunque en *Pueblo* v. *Muñoz Noya*,[1] nuestro Tribunal Supremo pareció contestarla, aún subsiste la interrogante de si tiene, la Oficina del Panel del Fiscal Especial Independiente (OPFEI), autoridad para procesar criminalmente a una persona privada, sin que se le impute haber cometido conducta delictiva contra la función pública o el erario, en concierto y común acuerdo con un funcionario público. Por imperativos del deber que impone la Constitución de Puerto Rico al Poder Ejecutivo de hacer cumplir las leyes,[2] encausando criminalmente a sus ciudadanos a través de los fiscales del Departamento de Justicia, respondemos que no. Elaboramos.

I.

El 4 de noviembre de 2021 el Ministerio Público presentó cargos contra los señores Aaron W. Vick y Juan Maldonado De

---

[1] *Infra.*
[2] Art. IV, Sec. 4, Const. ELA, LPRA, Tomo I.

Jesús por violación a los artículos 202, 211, 212, 217 y 254 del Código Penal de Puerto Rico, en grado de tentativa. En la vista de determinación de causa probable para arresto, el imputado Maldonado de Jesús solicitó la desestimación de sus cargos. Alegó que la OPFEI, no tenía jurisdicción sobre él por tratarse de una persona privada y no haberse presentado denuncias en coautoría con algún funcionario público. Denegada su petición y celebrada la vista, el Tribunal de Primera Instancia (Hon. Iraida B. Rodríguez Castro), determinó causa por los delitos según imputados e impuso una fianza total de $250,000.00 a Maldonado De Jesús y $200,000.00 a Aaron W. Vick.[3] La vista preliminar quedó señalada para el 22 de noviembre de 2021.[4]

Llegado el día de la vista preliminar, ambos imputados solicitaron la desestimación de los cargos. Insistieron en que, siendo ellos personas privadas, el Panel del Fiscal Especial Independiente (Panel), no tenía jurisdicción para procesarles. Tras una breve argumentación, el 13 de junio de 2022, el Tribunal de Primera Instancia ordenó a las partes someter sus posiciones por escrito.

El 1 de septiembre de 2022, dicho Foro (Hon. Jimmy Sepúlveda Lavergne), notificó sendas *Resoluciones*, el 31 de agosto de 2022 y 1 de septiembre de 2022. Mediante las *Resoluciones* emitidas el 31 de agosto de 2022, determinó que el Informe de Investigación Preliminar emitido por el Departamento de Justicia de Puerto Rico contenía prueba exculpatoria y ordenó su entrega a los coimputados. En las *Resoluciones* expedidas el 1 de septiembre de 2022, el mismo Foro recurrido concluyó que el Panel no tenía

---

[3] Expedida contra el coimputado Aaron W. Vick la orden de arresto luego de celebrarse en su ausencia la vista de determinación el 4 de noviembre de 2021, este se entregó voluntariamente a las autoridades.

[4] Inconforme, Maldonado de Jesús recurrió ante esta Curia, mediante *Recurso de Certiorari*. En dicha ocasión nos negamos a intervenir en los méritos de la controversia, basados en que, según la jurisprudencia vigente de nuestro Tribunal Supremo, debía esperar a la celebración de una vista preliminar para elevar los planteamientos ante un foro revisor. De nuestra determinación Maldonado De Jesús acudió, sin éxito, al Tribunal Supremo.

jurisdicción ni facultad en ley para encausar criminalmente a los coimputados y ordenó la desestimación de todos los cargos.

Insatisfecho, el 27 de septiembre de 2022, el Pueblo de Puerto Rico, representado por el Fiscal Especial Independiente, recurrió ante nos mediante *Certiorari*. Plantea:

> PRIMER ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA DE SAN JUAN AL DETERMINAR QUE EL PANEL SOBRE EL FISCAL ESPECIAL INDEPENDIENTE NO TIENE JURISDICCIÓN PARA PROCESAR CRIMINALMENTE A LOS IMPUTADOS DE EPÍGRAFE.

> SEGUNDO ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA DE SAN JUAN AL DETERMINAR QUE EL INFORME DE INVESTIGACIÓN PRELIMINAR CONTIENE PRUEBA EXCULPATORIA Y ORDENAR SU ENTREGA A LOS IMPUTADOS DE EPÍGRAFE.

El 5 de octubre de 2022, dimos plazo de veinte (20) días a los recurridos Maldonado De Jesús y Aaron W. Vick para que se expresaran sobre el recurso incoado. El 26 de octubre de 2022, compareció Aaron W. Vick mediante *Alegato en Oposición a la Expedición del Auto de Certiorari*. Ese mismo día, hizo lo propio Maldonado De Jesús mediante *Memorando en Oposición de Expedición de Certiorari*. Con el beneficio de la comparecencia de las partes, el Derecho y la jurisprudencia aplicable, procedemos a resolver.

## II.

Consustancial con el poder que la Constitución del ELA concede al Ejecutivo de hacer cumplir las leyes, la Ley Orgánica del Departamento de Justicia, Ley 205-2004,[5] otorga, como norma general, la facultad y responsabilidad de investigar, acusar y procesar conducta delictiva al Departamento de Justicia.[6] Sin embargo, como excepción a esa norma general, la Asamblea

---

[5] 3 LPRA § 291 *et seq.*

[6] *Pueblo* v. *Colón Bonet*, 200 DPR 27 (2019); *Pueblo* v. *García Vega*, 186 DPR 592 (2012); *Pueblo* v. *Rexach Benítez*, 130 DPR 273 (1992). Véase, además, Ley Orgánica del Departamento de Justicia, Ley Núm. 205-2004, 3 LPRA § 292.

Legislativa aprobó la Ley de la OPFEI, Ley Núm. 2-1988,[7] para atender los múltiples conflictos de intereses reales y potenciales al encausar funcionarios gubernamentales. Esta legislación visualiza la figura del Fiscal Especial Independiente (FEI), como un foro neutral e independiente, capaz de dilucidar rápidamente los actos atribuibles a **funcionarios gubernamentales** y realizar investigaciones objetivas, imparciales, independientes y de excelencia.

Entre los métodos o mecanismos mediante los cuales el Panel puede adquirir jurisdicción para ejercer las facultades que le delega la Ley especial, el más común y frecuente ocurre cuando el Secretario de Justicia le refiere los hallazgos de una investigación preliminar. Según el Art. 4 del precitado estatuto,[8] "(1) El Secretario de Justicia llevará a cabo una investigación preliminar en todo caso en que obtenga información bajo juramento que a su juicio constituya causa suficiente para investigar si se ha cometido cualquier delito grave y menos grave incluido en la misma transacción o evento, o cualquier delito contra los derechos civiles, la función pública o el erario."

Los funcionarios sujetos a ser procesados por el Panel, según enumerados en el Art. 4(1) de la Ley son: 1) el Gobernador; 2) los secretarios y subsecretarios de los departamentos de Gobierno; 3) los jefes y subjefes de agencias; 4) los directores ejecutivos y subdirectores de las corporaciones públicas; 5) los alcaldes; 6) los legisladores; 7) los asesores y ayudantes del Gobernador; 8) Jueces; 9) los fiscales; 10) los registradores de la propiedad; 11) los procuradores de relaciones de familia, y menores, así como cualquier persona que haya ocupado estos cargos y se les impute delito grave y menos grave incluido en la misma transacción o

---

[7] Ley de la Oficina del Panel sobre el Fiscal Especial Independiente (Ley de la OPFEI), Ley Núm. 2-1988, 3 LPRA § 99h.
[8] 3 LPRA § 99k.

evento, o cualquier delito contra los derechos civiles, la función pública o el erario mientras ocupaba uno de los cargos mencionados.[9] Los casos que involucren a funcionarios o exfuncionarios públicos **que no están enumerados** en el Art. 4(1) de la Ley, el Secretario debe solicitar la designación de un Fiscal Especial **si determina que el realizar esa investigación podría constituir algún conflicto de interés**.[10]

Igualmente, el Art. 5 de la Ley,[11] dispositivo de la jurisdicción del Panel **sobre otros funcionarios, empleados o individuos no enumerados en el Art. 4(1),** concede autoridad al FEI para encausar **a individuos particulares que hayan participado como autores o coautores en la conducta delictiva que involucraba a un funcionario público, inicialmente investigado bajo la jurisdicción del Panel. Esto, siempre y cuando los delitos imputados a los funcionarios públicos sean contra la función pública o el erario.** Dispone:

> (1) Cuando el Secretario recibiere información bajo juramento que a su juicio constituyera causa suficiente para investigar si cualesquiera de los funcionarios, ex funcionarios, empleados, ex empleados, autores, coautores o individuos no enumerados en el Artículo 4, de esta Ley ha cometido cualesquiera de los delitos a que hace referencia al Artículo 4 de esta Ley efectuará una investigación preliminar y solicitará el nombramiento de un Fiscal Especial cuando determine que, de ser la investigación realizada por el Secretario de Justicia, podría resultar en algún conflicto de interés.
>
> (2) Cuando el Secretario determine que no existe conflicto de interés alguno que impida la investigación objetiva por parte del Departamento de Justicia, en tal caso el Secretario designará el funcionario que conducirá la investigación y el Departamento de Justicia asumirá jurisdicción sobre la misma.
>
> (3) Cuando el Secretario de Justicia recibiere información bajo juramento que a su juicio constituyera causa suficiente para investigar si algún funcionario, ex funcionario, empleado, ex empleado o individuo no enumerado en el Artículo 4 de esta Ley participó, conspiró, indujo, aconsejó, provocó, instigó, o de algún otro modo fue autor o coautor en cualquiera de los

---

[9] 3 LPRA § 99k (1).
[10] Art. 5 (1)-(2), Ley de la OPFEI, 3 LPRA § 99l. Énfasis nuestro.
[11] Íd.

delitos a que se hace referencia en el Artículo 4 de esta Ley, efectuará una investigación preliminar y rendirá un informe conforme los criterios establecidos en el Artículo 4 de esta Ley, sobre si procede o no la designación de un Fiscal Especial Independiente. **Una vez remitido el Informe, el Panel tendrá la facultad de determinar si investiga y procesa al autor o los coautores, como parte de la encomienda que haga al Fiscal Especial Independiente de conformidad con el Artículo 11 (2) de esta Ley, solamente cuando los delitos imputados a los funcionarios públicos bajo su jurisdicción sean contra la función pública o el erario.[12]** Si el Panel determinare que no procede el nombramiento de un Fiscal Especial dicha determinación será final y firme y no podrá presentarse querella nuevamente por los mismos hechos.[13]

De manera que, la jurisdicción que otorga la Ley al Panel, abarca también "los funcionarios, ex funcionarios, empleados o ex empleados, o individuos que, **primero**, hayan participado, conspirado, provocado, o de algún otro modo sean autores o coautores en la conducta delictiva imputada a los funcionarios bajo la jurisdicción de la Ley,[14] y **segundo**, siempre que la conducta delictiva imputada a los funcionarios públicos bajo su jurisdicción, sea contra la función pública o el erario.

Evidentemente, esta norma, constitutiva de una limitación adicional a la prerrogativa del Panel para incluir en la investigación y procesamiento al autor o coautor que no es funcionario o exfuncionario público, presupone que la conducta penalmente relevante imputada al individuo particular a ser encausado por el FEI, fue llevada a cabo en concierto y común acuerdo con un funcionario o exfuncionario público. Si bien no requiere que la acusación o el procesamiento del funcionario o exfuncionario público se haga juntamente con la persona privada, debe

---

[12] Énfasis nuestro.

[13] A pesar de que la Ley 3-2012 insertó en el inciso (3) una oración dirigida a limitar la jurisdicción concedida al Panel sobre aquellos funcionarios, empleados o individuos no enumerados en el Art. 4(1), a que los delitos imputados a los funcionarios públicos bajo su jurisdicción sean contra la función pública o el erario, **ninguna** colección oficial --Leyes de Puerto Rico (LPR) y Leyes de Puerto Rico Anotadas (LPRA) que constituye y es admitida como evidencia *prima facie* en los tribunales de justicia-, u otra colección no oficial o plataforma digital, contiene el texto íntegro de la Ley 3-2012 según fue promulgada por el Departamento de Estado.

[14] *Pueblo* v. *Muñoz Noya*, 204 DPR 745 (2020).

demostrarse, al menos, **el nexo entre las actuaciones de la persona privada y el funcionario o exfuncionario público y que las actuaciones son un agravio a la función pública o el erario, como elementos indispensables que otorgan jurisdicción al Panel.** Es decir, si no se les imputan delitos o conducta delictiva a funcionarios públicos o los delitos que se le imputen a dichos funcionarios no son contra la función pública o el erario, el Panel no tiene prerrogativa ni autoridad para incluir en la investigación y **procesamiento** al autor o coautor particular/privado. En tal sentido, la jurisdicción del Panel sobre la persona privada es accesoria a la acción u omisión típica imputada al funcionario o al exfuncionario público. Descartada dicha accesoriedad, se priva de jurisdicción al Panel sobre la persona privada. **Ello, a menos que el Secretario de Justicia haga determinaciones de conflicto de interés que justifiquen el referido, a tenor con el Art. 5(1) de la Ley**.[15]

Luego que el Panel adquiere válidamente jurisdicción, procede a designar y delimitar la encomienda del FEI. Nombrado el FEI, cesa la jurisdicción del Secretario de Justicia sobre la investigación.[16] Ciertamente, la Ley faculta al Panel a ampliar su encomienda y jurisdicción a solicitud del FEI designado, del Secretario de Justicia o a iniciativa propia, o a determinar si incluye la investigación y procesamiento del autor o autores, o del coautor o coautores o cooperadores, como parte de la encomienda que haga al FEI. Sin embargo, **el Panel ni el FEI designado pueden utilizar dicha facultad para adquirir o conservar jurisdicción sobre personas en casos en que la Ley no le concede jurisdicción.** Es decir, el Panel no puede concederle jurisdicción al FEI que el propio Panel no ostenta. Finalmente, **cuando el Panel determine no incluir al**

---

[15] 3 LPRA § 99l. Énfasis nuestro.
[16] Art. 12 (7), Ley de la OPFEI, 3 LPRA § 99s (7).

**autor o coautor, autores o coautores dentro de la encomienda al FEI, el Secretario de Justicia asumirá jurisdicción sobre éste o éstos.**

Con la doctrina expuesta como marco conceptual, examinemos si el Panel, a través del FEI, tiene jurisdicción para procesar a los señores Maldonado De Jesús y Aaron W. Vick, siendo estos, personas privadas.

III.

Como punta de lanza en favor de su tesis jurisdiccional, el FEI sostiene, en primer lugar, que el alcance y delimitación de su ejercicio jurisdiccional está exclusivamente en manos del Panel, según su Ley habilitadora. Expresa que, en virtud de ese poder y debido a que la investigación preliminar del caso incluyó expresamente a los señores Aaron W. Vick y Maldonado De Jesús como autores o coautores, el Panel le otorgó total y amplia jurisdicción sobre los asuntos, las personas y demás pormenores relacionados a la totalidad de las circunstancias objeto de la investigación. Argumenta, que, no era necesario que la conducta delictiva atribuida a los imputados se llevara a cabo en concierto y mutuo acuerdo con un funcionario público o haber conspirado con un funcionario público. No nos convence. Veamos por qué.

A.

Según relacionamos previamente, uno de los delitos por el que el FEI presentó *Denuncias*[17] contra Maldonado De Jesús y Aaron W. Vick, fue Tentativa de Fraude.[18] Se les imputó que, en concierto y común acuerdo, intentaron cometer fraude al inducir a funcionarios públicos del Gobierno de Puerto Rico a realizar actos que pudieron afectar derechos o intereses patrimoniales del Estado. Evidentemente, aunque los hechos alegados cumplen con el

---

[17] Véase, Apéndice de *Certiorari*, págs. 4 y 9.
[18] Art. 202 del Código Penal de Puerto Rico, 33 LPRA § 5272.

requisito de que el delito se cometa contra la función pública o el erario, no está presente el elemento esencial que otorgaría jurisdicción al Panel sobre las personas privadas imputadas, esto es, que la conducta de estos se realizó en concierto y común acuerdo con algún funcionario o exfuncionario público de los enumerados en el Art. 4(1) del Estatuto. Ni siquiera se imputa que algún funcionario o exfuncionario público estuvo involucrado como actor activo en la conducta delictiva.

A Maldonado De Jesús y a Aaron W. Vick también se les imputó el delito de Falsedad Ideológica.[19] Al examinar las *Denuncias* de estos delitos,[20] notamos que las alegaciones se circunscriben a conducta delictiva realizada en concierto y mutuo acuerdo por Maldonado de Jesús y Aaron W. Vick, siendo ambos personas privadas. Igual que en el anterior pliego de *Denuncia*, no se les imputó haber actuado en concierto y común acuerdo con un funcionario o un exfuncionario públicos, ni que su conducta involucrara como sujeto activo del delito a un funcionario o un exfuncionario público.

Además, a Maldonado De Jesús y a Aaron W. Vick se les imputó la comisión del delito de Posesión y Traspaso de Documentos Falsificados.[21] Según las *Denuncias,*[22] ambos imputados cometieron el delito actuando en concierto y común acuerdo, sin incluir el elemento jurisdiccional esencial de que el acuerdo o la conducta concertada incluyó como sujeto activo a un funcionario o un exfuncionario público. Las *Denuncias* establecen que, un particular en concierto y mutuo acuerdo con otro particular con el propósito de defraudar, utilizó una resolución corporativa falsificada en el

---

[19] Art. 212 del Código Penal de Puerto Rico, 33 LPRA § 5282.
[20] Véase, Apéndice de *Certiorari*, págs. 1 y 6.
[21] Art. 217 del Código Penal de Puerto Rico, 33 LPRA § 5287.
[22] Véase, Apéndice de *Certiorari*, págs. 3 y 8.

proceso de obtener un contrato de compra de bienes con el Gobierno de Puerto Rico, a sabiendas de que era falsificada.

El FEI también presentó cargos contra Maldonado De Jesús y Aaron W. Vick por el delito de Intervención Indebida en Operaciones y Contratos Gubernamentales.[23] Igual que las anteriores, las *Denuncias*[24] por este delito adolecen del defecto de no imputar a Maldonado De Jesús ni a Aaron W. Vick conducta concertada con algún funcionario o exfuncionario público.

En la quinta y última *Denuncia,*[25] relativa a la violación al Art. 211 del Código Penal de Puerto Rico, es decir, el delito de Falsificación,[26] se le imputó a Maldonado De Jesús haber falsificado la firma del Sr. José Rodríguez en una resolución corporativa que utilizó en el proceso de obtener un contrato de compra de bienes con el Gobierno de Puerto Rico. Como puede apreciarse, esta *Denuncia* ni siquiera cumple con el requisito básico de que Maldonado De Jesús falsificó el documento en concierto y común acuerdo con un funcionario o exfuncionario público, para que el Panel pueda asumir jurisdicción sobre él, siendo una persona privada.

En resumen, las primeras cuatro *Denuncias*, no imputan a Maldonado De Jesús ni a Aaron W. Vick conducta delictiva llevada a cabo en concierto y común acuerdo con algún funcionario o exfuncionario público. Tampoco, que hayan participado, conspirado, inducido, aconsejado, provocado, instigado, o de algún otro modo, hayan sido autores o coautores de conducta delictiva realizada por algún servidor o ex servidor público. Todas exponen que, dos personas particulares y privadas, actuaron en concierto y común acuerdo, únicamente entre ellas, para cometer la conducta prohibida. Ello así, la Ley de la OPFEI no faculta al Panel a asumir

---

[23] Art. 254 del Código Penal de Puerto Rico, 33 LPRA § 5345.
[24] Véase, Apéndice de *Certiorari*, págs. 2 y 7.
[25] Íd., pág. 5.
[26] Art. 211 del Código Penal de Puerto Rico, 33 LPRA § 5281.

jurisdicción para procesar a Maldonado De Jesús ni Aaron W. Vick por dichos delitos, por estos ser individuos particulares o privados.

A pesar de que no existe un requisito de simultaneidad en el procesamiento del funcionario público y la persona privada, lo cierto es que, en este caso, distinto a *Pueblo* v. *Muñoz Noya*, la conducta delictiva imputada a Maldonado De Jesús simplemente incluye actuaciones concertadas o acordadas con Aaron W. Vick, otro sujeto privado. Recordemos que, en el citado caso, a Muñoz Noya se le imputó delinquir en común y concierto acuerdo con un funcionario público -el Expresidente de la Cámara de Representantes de Puerto Rico-, Jaime Perelló Borrás. Aunque a Perelló Borrás no se le acusara simultáneamente, la jurisdicción del Panel sobre Muñoz Noya se irguió sobre la base de que su actuación delictiva fue concertada o acordada con el exfuncionario público.

Por el contrario, nada hay en los hechos alegados en las *Denuncias* que originan este recurso, que releve al Departamento de Justicia de su deber de procesar a los imputados y en su lugar, ceda su autoridad al Panel para que sea el FEI quien los encause penalmente. En tales circunstancias, corresponde al Departamento de Justicia su encausamiento, **a menos que demuestre existencia de conflicto de interés que le impida asumir su rol y descargar responsablemente su obligación**.

En tal sentido, el FEI indica, esta vez sin mucha elucubración, que debido a que el Departamento de Justicia expresó estar impedido de procesar a los imputados por posible conflicto de intereses al inicialmente no haber recomendado la designación de un FEI, ahora es el FEI quien único tiene jurisdicción para encausar a los imputados. La poco fundamentada contención del FEI refiere a una carta firmada y enviada por el Secretario de Justicia Domingo Emanuelli, que, según el FEI, contiene el conflicto de intereses al

que se refiere la Ley en su Art. 5(1). Tampoco le asiste la razón. Veamos por qué.

La adecuada atención de este planteamiento nos obliga a relatar el intercambio epistolar entre el Departamento de Justicia y la OPFEI, en relación con este asunto. El 23 de septiembre de 2021 el FEI -Lcdo. Ramón Mendoza Rosario-, le remitió a la Presidenta del Panel -Lcda. Nydia M. Cotto Vives-, una carta titulada "RE: Investigación Lillian Sánchez Pérez y otros (Pruebas COVID-19)". En ella le expresó: "*En este caso estamos considerando que procede a presentar cargos criminales. Dichos cargos estarían dirigidos a personas privadas. Debido a lo anterior, es necesario auscultar y definir los aspectos jurisdiccionales aplicables.*"[27] A raíz de dicha comunicación, el 23 de septiembre de 2021, la Lcda. Cotto Vives envió al Secretario del Departamento de Justicia -Lcdo. Domingo Emanuelli Hernández-, carta titulada "RE: Compra de pruebas COVID". En la misma le comunicó lo siguiente:

> [H]emos recibido una comunicación de los Fiscales Especiales Independientes (FEI) en el caso de referencia. En la misma, nos informan que -luego de culminar la investigación a fondo-, han determinado presentar cargos penales contra tres de los coautores, que **no** son funcionarios públicos.
> Al no presentarse cargos penales contra ninguno de los funcionarios públicos investigados, los cuales participaron de proceso de la compra de las pruebas COVID, queda pendiente determinar si el proceso continuará a cargo de los fiscales especiales independientes o, en su defecto, el Departamento de Justicia se hará cargo de dicho procedimiento. Sin embargo, para que los FEI puedan continuar con el mismo, es necesario que usted así lo determine a la luz de lo dispuesto en el Art. 5 de la Ley Núm. 2-1988[...].[28]

El 24 de septiembre de 2021, el Lcdo. Emanuelli Hernández, remitió misiva a la Lcda. Cotto Vives titulada, "Caso DJ Núm. 2020-31-102-00023 Investigación relacionada a la compra de pruebas para la detección de COVID-19". Le expresó que:

> [E]n atención a su comunicación del 23 de septiembre de 2021, le informamos que es completamente

---

[27] Véase, Apéndice *Certiorari*, pág. 278.
[28] Íd., pág. 279.

incompatible y conlleva un serio **conflicto de intereses que los fiscales del Departamento de Justicia se hagan cargo del procesamiento de los funcionarios públicos que participaron en este caso en el proceso de compra de las pruebas de COVID.** Ello en vista de que en el informe de la investigación preliminar que fue remitido el 10 de diciembre de 2020 al Panel sobre el Fiscal Especial Independiente (PFEI) por el Departamento de Justicia, no se recomendó la designación de un Fiscal Especial Independiente (FEI) basado en los hallazgos de la investigación.[29]

En atención a dicha respuesta, el 27 de septiembre de 2021, la Lcda. Cotto Vives le comunicó al FEI, en una carta titulada "RE: Caso Pruebas COVID", lo siguiente:

En atención a la comunicación que enviaron al Panel el pasado 23 de septiembre de 2021, relacionada con el caso de referencia, procedimos a remitir una comunicación al Hon. Domingo Emanuelli Hernández, Secretario del Departamento de Justicia para que éste evaluara el aspecto jurisdiccional y nos notificara su decisión sobre el particular.

Mediante escrito fechado el 24 de siempre de 2021, el Secretario de Justicia nos indica su determinación de que el caso continúe siendo atendido por los fiscales especiales independientes.

Atendido lo anterior, quedan facultados para proceder de conformidad con dicha determinación.[30]

Posteriormente, el 21 de octubre de 2021, el Lcdo. Emanuelli Hernández envió otra misiva a la Lcda. Cotto Vives titulada "Caso DJ Núm. 2020-31-102-00023 Investigación relacionada a la compra de pruebas para la detección de COVID-19" en la que le expresó:

[L]e informamos que es completamente incompatible y conlleva un serio conflicto de intereses que el Ministerio Público se haga cargo del procesamiento de personas privadas o de los coautores que participaron en el proceso de la compra [de] las pruebas de COVID-19.

Por tal razón, el Departamento de Justicia no se hará cargo del procesamiento criminal de dichas personas con relación a este asunto.[31]

A poco examinamos el intercambio epistolar entre las máximas figuras de las oficinas del Departamento de Justicia y el Panel, vemos que, inicialmente, el Secretario del Departamento de Justicia aludió a que era incompatible y conllevaba un serio

---

[29] Íd., pág. 280. Énfasis nuestro.
[30] Íd., pág. 281.
[31] Íd., pág. 282.

conflicto de interés que sus fiscales encausaran **a los funcionarios públicos involucrados**. **Justificó su postura en que, en el Informe de la Investigación Preliminar preparado por el Departamento de Justicia, no se recomendó la designación de un FEI**. Aunque en su comunicado, el Secretario de Justica no aludió a que el Departamento de Justicia tuviera algún conflicto de interés al procesar criminalmente a las personas privadas Maldonado de Jesús y Aaron W. Vick, la Presidenta del Panel autorizó al FEI a continuar con el procesamiento criminal de estos. Un mes después, el Secretario de Justicia remite nueva comunicación a la Presidenta del Panel informándole que no intervendrían en el caso, aludiendo a la existencia de un serio conflicto de intereses que impedía al Ministerio Público hacerse cargo del procesamiento de **personas privadas o de los coautores** que participaron en el proceso de la compra de las pruebas de COVID-19.

Más allá de expresar genérica y ambiguamente, la existencia de un conflicto de interés, el Departamento de Justicia no ha demostrado en qué consiste dicho conflicto y si, de existir el mismo, pudiera ser válidamente subsanado. Sobre todo, luego de que el Panel excluyera de la alegada comisión de delitos a los funcionarios públicos que originalmente provocaban el conflicto invocado por el Departamento de Justicia. Tampoco de las constancias del expediente surge existencia de conflicto de interés, real o potencial, que impida al Departamento de Justicia asumir su jurisdicción y ejercer su obligación de procesar criminalmente a Maldonado De Jesús y a Aaron W. Vick **o determinar, como hiciera inicialmente en su Informe de Investigación Preliminar, que estos no cometieron delito**.

Ciertamente, la ausencia de una descripción concreta y precisa del alegado conflicto nos impide evaluar si en efecto, es

válidamente posible preterir la facultad primaria de nuestro Departamento de Justicia de procesar criminalmente a las personas particulares -lo que incluye determinar que no existe prueba suficiente de delito para encausarlos criminalmente, si ese fuera el caso-, y ceder dicha facultad al Panel del FEI. Peor aún, tampoco podría, aquel ciudadano afectado por la determinación del Departamento de Justicia, impugnar en los foros pertinentes dicha determinación, si así lo entiende necesario, por desconocer cuales razones tuvo dicha Agencia para abdicar su autoridad y cederla al Panel.

Reiteramos que, no podemos livianamente desatender el principio general de que "la jurisdicción para investigar y procesar los delitos que se cometen en Puerto Rico corresponde al Departamento de Justicia".[32] Acoger en el vacío, la pobremente fundamentada tesis del FEI de que la disposición establecida en el Art. 5(1) de la Ley, le concede jurisdicción al Panel sobre personas privadas en casos de conflictos de interés de parte del Departamento de Justicia, constituiría una desviación impermisible de los principios de hermenéutica legal aplicables. La Ley de la OPFEI establece claramente la jurisdicción excepcional que tiene el Panel para el encausamiento criminal, y el FEI no tiene "la facultad para determinar el alcance de su propia jurisdicción".[33]

En fin, somos del criterio de que el Tribunal de Primera Instancia no erró al intimar, que, bajo el Art. 5 de la Ley de la OPFEI y su jurisprudencia interpretativa, el Panel no tiene autoridad para procesar a las personas privadas Maldonado De Jesús y Aaron W. Vick. Fue correcto decretar la desestimación de los cargos.[34]

---

[32] Íd., Véase, además: *Pueblo*, 204 DPR, pág. 756, *Pueblo*, 200 DPR, págs. 35-36.
[33] *Pueblo* v. *Pérez Casillas*, 126 DPR 702, 712 (1990).
[34] La decisión a la que hemos llegado hace innecesario abordar el segundo señalamiento de error planteado por el FEI, atinente a la prueba exculpatoria que alegadamente contiene el Informe de Investigación Preliminar.

IV.

Por los fundamentos antes expuestos, *expedimos* el Auto de *Certiorari* y *confirmamos* la decisión recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Adames Soto emite por escrito Voto Particular de Conformidad. La Jueza Grana Martínez emite por escrito Voto Concurrente.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br>Peticionario<br><br>v.<br><br>JUAN MALDONADO DE JESÚS y AARON VICK<br>Recurridos | KLCE202201066 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.<br>K VP2021-2767 al 2771<br>K VP2022-1281 al 1284<br><br>Sobre:<br>Art. Tent. 202, 217, 254 y 212 del Código Penal de Puerto Rico |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Grana Martínez y el Juez Adames Soto

**VOTO PARTICULAR DE CONFORMIDAD DEL
JUEZ NERY E. ADAMES SOTO**

a.

Iniciaré abordando un asunto procesal. En la Resolución de 13 de enero de 2022[1] que el Panel al cual estoy adscrito emitió entre las mismas partes de este caso, mis compañeros jueces determinaron denegar expedir el recurso de certiorari presentado por los recurridos, al tildarlo de prematuro, juzgando que la solicitud de desestimación presentada por estos, por alegada falta de jurisdicción del PFEI para encausarlos, no procedía en la etapa del proceso en que fue instada. En específico, la moción de desestimación presentada por los recurridos en aquel momento fue hecha durante la celebración de la vista de causa para arresto, Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 6.

---
[1] KLCE202200033.

Al explicarse en la referida Resolución por qué resultaba prematura la petición de certiorari, mis compañeros de Panel acentuaron (utilizando negrillas), que ***el momento oportuno para presentar una moción de desestimación en casos de delitos graves, adviene <u>luego de la presentación de una acusación</u>***[2]. (Subrayado provisto). Precedió a esta aseveración, además, la citación de *Pueblo v. Jiménez Cruz*, 145 DPR 803 (1998), en términos de que *<u>la determinación positiva de causa probable para acusar, luego de celebrada la vista preliminar,</u> subsana cualquier error en la determinación de causa probable*[3]. (Subrayado provisto).

Es decir, para los respetados compañeros de Panel, los recurridos tenían que haber esperado la celebración y el resultado de la vista preliminar, Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 23, para que, luego de la presentación de la acusación, entonces estar en posición de instar la moción de desestimación. Admito que mis compañeros cuentan con precedentes de nuestro Tribual Supremo para sustentar tal proceder[4].

Con todo, a raíz del razonamiento expuesto por mis compañeros jueces para denegar el referido recurso *certiorari*, en esa misma Resolución emití un voto concurrente, con el propósito de hacer constar que, a mi juicio, cabría reconocer un limitado número de situaciones excepcionales que permitan instar una petición de desestimación en la vista de causa para arresto, sin tener que esperar a la celebración y determinación de causa para acusar de la Regla 23, supra. En específico, identifiqué la falta de jurisdicción como una de las tales situaciones excepcionales. Con el propósito de elaborar sobre mi posición, hice alusión a dos votos previos que

---

[2] *Íd.*, pág. 7.
[3] *Íd.*, págs. 6 y 7.
[4] Ver, *Pueblo v. Jiménez Cruz*, 145 DPR 803 (1998); cuyo precedente se reafirma en sendas Sentencias, *Pueblo v. Almodóvar Negrón* y *Pueblo v. Nazario Aponte*, 198 DPR 724 (2017), y 198 DPR 962 (2017), respectivamente.

suscribí sobre el mismo asunto en el KLCE20170144 y KLCE201701049. Pero advertí, además, que, aunque nuestro Tribunal Supremo ha hecho expresiones muy *tajantes* al dictaminar que la etapa adecuada para presentar una moción de desestimación cuando ya se ha determinado causa para acusar; en *Pueblo v. Muñoz Noya*, 204 DPR 745 (2020), **consideró los méritos de una moción de desestimación que había sido presentada durante la vista de causa para arresto**. En dicho caso, bien pudo haber dictaminado el alto foro que la parte imputada de delito debía esperar hasta luego de celebrada la vista preliminar para alzar su reclamo ante el Tribunal de Apelaciones, pero no lo hizo, sino que entró a los méritos de la controversia.

Entonces, retornando al recurso de certiorari de epígrafe, me resulta evidente que, **según se hizo constar en el tracto procesal de la Sentencia que hoy suscribo**, los recurridos volvieron a presentar una moción de desestimación, por los mismos fundamentos alzados previamente en el KLCE202200033, sin que se hubiese propiamente celebrado la vista preliminar para acusar. Entiéndase, la moción de desestimación que hoy atendemos **precedió una determinación de causa para acusar, pues ni siquiera se llegó a celebrar la vista bajo la Regla 23, supra, ante el hecho de que el foro recurrido admitió y resolvió dicha petición, antes de que se presentara prueba alguna, (o se renunciara a su celebración), por tanto, sin que se hubiese determinado si existía causa para acusar**.

*Ergo*, si como se dijo en el KLCE202200033, *el momento oportuno para presentar una moción de desestimación en casos de delitos graves, adviene luego de la presentación de una acusación*, valga advertir que **tal condición nunca ocurrió en este caso**. No obstante, por las razones que expresé en el citado voto concurrente, juzgo que acontecen una de las razones que nos habilitan para

dirimir la moción de desestimación presentada por recurridos en esta etapa de los procesos, **aunque no esté precedida por una determinación de causa para acusar**, pues resulta necesario atender la presunta falta de jurisdicción del foro primario para entender en el asunto.

b.

Por otra parte, en el mismo voto concurrente que emití en el KLCE202200033, expresé que, en *Pueblo v. Muñoz Noya*, supra, nuestro Tribunal Supremo ya había reconocido amplia jurisdicción al Fiscal Independiente *para encausar individuos particulares que delinquieron en común y mutuo acuerdo con un funcionario público*[5], por tanto, se debía entender como rechazada la contención de los recurridos levantada a través de la moción de desestimación ante nuestra consideración. A pesar de lo cual, como queda visto, hoy emito mi voto de conformidad en este caso, asunto que merece una breve explicación.

Al releer *Pueblo v. Muñoz Noya*, supra, me percato que allí se citó de manera incompleta la sección 3era del Artículo 5 de la Ley 2-1988, según fue enmendada por la Ley 3-2012, muy probablemente por causa de lo que se explica en la nota al calce decimotercera de la Sentencia que hoy suscribo, (la enmienda aparece incompleta en L.P.R.A., que fue el texto citado por el Tribunal Supremo). En lo pertinente, la oración íntegra de la sección aludida indica que "*Una vez remitido el Informe, el Panel tendrá la facultad de determinar si investiga y procesa al autor o los coautores, como parte de la encomienda que haga el Fiscal Especial Independiente de conformidad con el Artículo 11 (2) de esta Ley, **solamente cuando los delitos imputados a los funcionarios públicos bajo su jurisdicción sean en contra la función pública o el erario**".

---

[5] Advertí, además, que, con relación a la Opinión citada, me resultaba más persuasivo el razonamiento expuesto por el Juez Asociado Colón Pérez en su disidencia.

(Énfasis provisto). La porción del texto legal que ennegrecí **no** fue incluida por nuestro Tribunal Supremo en la Opinión aludida, y, tal como mis respetados compañeros jueces de este Panel, juzgo que resulta de la mayor importancia al pronunciarnos sobre los límites jurisdiccionales del PFEI para encausar a individuos no enumerados en el Artículo 4 de la misma ley citada, (y muestra mayor apego o consonancia con la Exposición de Motivos de la Ley 3-2012). Francamente, juzgo que sería un ejercicio de hermenéutica demediado ofrecer una interpretación aminorada a la porción del texto legal preterida, en tanto limitativa de la jurisdicción excepcional concedida al PFEI sobre los individuos, según estos son concebidos en el estatuto. Por cuanto estimo que este asunto fue cuidadosamente explicado en la Sentencia que hoy suscribo, basta con lo que hasta aquí dicho.

c.

Por último, me permito unas breves expresiones sobre el alegado conflicto de intereses del Departamento de Justicia a las personas investigadas, en el que ancló el PFEI su presunta jurisdicción sobre los recurridos.

Según se sabe, la sección primera del Artículo 5 de la Ley 3-2012, faculta al Secretario de Justicia a investigar, entre otros, a individuos, como los recurridos, cuando se hubiere presentado una declaración jurada, que constituya causa suficiente, indicando que estos han cometido cualesquiera de los delitos a que se hace referencia en el Artículo 4 del mismo estatuto. Continúa indicando dicha sección, que el Secretario de Justicia podrá solicitar el nombramiento de un Fiscal Especial **cuando determine que, de ser realizada la investigación por el primero, podría resultar en algún conflicto de interés**.

Es decir, una de las causas por las cuales el Secretario de Justicia puede solicitar la intervención o el nombramiento de un

Fiscal Especial Independiente es que, efectuada la investigación preliminar sobre las imputaciones hechas a individuos por la comisión de los delitos bajo la jurisdicción de la Ley 2-1988, juzga que la continuación de los procesos bajo su atención podría resultar en conflicto de interés.

Teniendo en consideración lo anterior, pero aplicándolo al tracto procesal en este caso, me parece clarísimo que, una vez el Secretario de Justicia concluyó su investigación preliminar en este caso: (1) no encontró causa para procesar criminalmente a ninguna de las personas referidas para ser investigadas en este caso, es decir, contra los funcionarios públicos, ni contra los recurridos; (2) **tampoco hizo expresión alguna sobre posible conflicto de interés ante la posibilidad de tener que presentar cargos en contra de los investigados, entre los cuales se encontraban los recurridos**. Mirada con detenimiento la referida investigación, no es difícil arribar a la conclusión de que, del Secretario de Justicia haber previsto siquiera la posibilidad de un conflicto de intereses en dicho punto, -sobre la posibilidad de encausar a cualquiera de los investigados-, **así lo hubiese tenido que manifestar, por disposición de ley,** (no podía dejar una determinación tal para un momento posterior), **pero no lo hizo porque, a todas luces, no apreció algún conflicto de interés**. Aunque resulte reiterativo, asevero que, concluida la extensa investigación que llevó a cabo el Departamento de Justicia antes de plasmar que, a su juicio, no había causa para presentar cargos criminales contra los funcionarios públicos bajo investigación, ni contra los recurridos, de haber juzgado en ese momento que podría haber un conflicto de interés, **era su obligación ministerial, por imposición de ley, haberlo manifestado, y en ese mismo momento solicitar el nombramiento de un Fiscal Especial Independiente para que**

**continuara con el proceso, evitando así el posible conflicto de interés**.

Por causa de lo explicado en el párrafo que antecede, estoy convencido que el PFEI tenía herméticamente cerrada la puerta que le daba acceso a asumir jurisdicción para encausar a los recurridos, al menos, a través de esgrimir un supuesto conflicto de interés del Secretario de Justicia, que no existía, bajo el fundamento que provee el inciso primero del Artículo 5 de la Ley 3-2012.

Entonces, no queda otro remedio que aludir al *intercambio epistolar* entre el Secretario de Justicia y el PFEI, -que minuciosamente fue captado en la Sentencia que suscribo-, **acontecido en un momento posterior a la culminación de la investigación del Secretario de Justicia, donde, como explicado, a pesar de auscultar toda la prueba ante su consideración, originalmente <u>no detectara conflicto de interés alguno</u>**. Según el claro recuento que hicimos de las referidas cartas intercambiadas, el denominado conflicto de interés *descubierto* por el Secretario para encausar a los recurridos, presuntamente surgió *a posteriori* de haber realizado la investigación sobre las imputaciones que recaían sobre los recurridos, **y solo por la exclusiva causa de ser *requerido* por el PFEI que hiciera una determinación a dichos efectos**. Véase que la endeble razón o fundamento que presentó el Secretario de Justicia para identificar un posible conflicto de interés **post investigación sobre los hechos**, **ni expresión previa alguna sobre conflicto de interés**, fue que, previamente, no había recomendado que se presentaran cargos contra los recurridos.

Bajo la lógica de los acontecimientos procesales aquí discutidos, siempre que el Secretario de Justicia investigue a unos individuos, y concluya que no se justifica su encausamiento, cabría la posibilidad de que el PFEI termine reclamando jurisdicción para procesarlos porque, preguntado al primero sobre posible conflicto de

interés, este -siguiendo la premisa del caso ante nosotros- invariablemente tendrá que dar la misma respuesta, que *sí hay conflicto de interés porque el Departamento de Justicia no recomendó la designación de un Fiscal Especial Independiente.* Este argumento es, como mínimo, circular, carente de sustento legal que lo sostenga, de fondo, subvierte el propósito de delimitar la jurisdicción del PFEI respecto a los individuos.

Por las razones expuestas, emito un voto de conformidad y suscribo la Sentencia emitida por este Panel.

En San Juan, Puerto Rico, a 28 de febrero de 2023.


Nery Enoc Adames Soto
Juez de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO | | |
|---|---|---|
| Peticionario | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan |
| v. | KLCE202201066 | |
| JUAN MALDONADO DE JESÚS AARON VICK | | Caso Núm. K VP2021-2767 al 2771 K VP2022-1281 al 1284 |
| Recurridos | | Sobre: Art. Tent. 202, 217, 254 y 212 Código Penal de Puerto Rico |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Grana Martínez y el Juez Adames Soto.

**Opinión Concurrente**
**Juez Grana Martínez**

Aunque estoy conforme, con la mayoría en que la Oficina del Panel del Fiscal Especial Independiente (OPFEI) no tiene jurisdicción para encausar al recurrido, estoy en desacuerdo con algunas expresiones hechas en la decisión mayoritaria.

Nos referimos a la opinión que la mayoría emite en las páginas 14 y 15 sobre las comunicaciones en las que el Secretario de Justicia informó a la Presidenta de la Oficina del Fiscal Independiente la existencia de conflictos de intereses. El tribunal concluyó que la agencia únicamente hizo expresiones genéricas y ambiguas sobre un conflicto de interés, sin demostrar en que consiste dicho conflicto y si podía subsanarse. ***Sobre todo, luego de que el Panel excluyera de la alegada comisión de delitos a los funcionarios públicos que originalmente provocaron el conflicto invocado por el Departamento de Justicia.*** La decisión mayoritaria advierte que en el expediente no hay evidencia de un conflicto de intereses

real o potencial que impida al Departamento de Justicia asumir su jurisdicción y ejercer su obligación de procesar criminalmente al recurrido y a Aaron W. Vick o a determinar como hizo inicialmente que no cometieron delito. No obstante, este tribunal concluye que la ausencia de una descripción concreta y precisa del alegado conflicto le impide evaluar si procede preterir la facultad primaria del Departamento de Justicia de procesar criminalmente a las personas particulares, y si no existe prueba suficiente para encausar criminalmente y ceder dicha facultad a la OPFEI. Finalmente advierte que peor aún el ciudadano afectado no podrá impugnar la decisión en los foros pertinentes, porque desconoce las razones por las que el Departamento de Justicia declinó su autoridad y la cedió al panel.

No avalamos dichas expresiones, porque a nuestro juicio no son pertinentes a la controversia planteada. A este tribunal no le corresponde evaluar situaciones que no forman parte de las controversias ante nuestra consideración ni emitir juicio sobre asuntos hipotéticas que tampoco están ante nuestra atención. Por esa razón, concluyó que no estamos llamados a evaluar la suficiencia de las razones que tuvo el Secretario de Justicia para inhibirse.

**Nos corresponde enfocarnos en atender y resolver, la controversia que se reduce a determinar, si la OPFEI tiene jurisdicción para procesal criminalmente al recurrido.** La OPFEI no tiene jurisdicción, porque no se cumplen los criterios establecidos por el legislador ya que al recurrido no se le imputa la comisión de un delito contra el erario público en común acuerdo con un funcionario público. El historial de la ley que creó esa oficina y de sus enmiendas hace clara la intención de proveer un foro neutral e independiente para dilucidar actos indebidos atribuibles a funcionarios gubernamentales. La legislación cumple con el

propósito de fomentar la dedicación de los funcionarios y empleados públicos y el desempeño del servicio público con honestidad, excelencia profesional y dedicación absoluta. 3 LPRA Sección 99 h.

La ley habilitadora ha sido enmendada en múltiples ocasiones para dotar a la OPFEI de herramientas que le permitan realizar su función de manera más efectiva. Así ocurrió en el año 2012, cuando la ley fue enmendada sustancialmente. Una vez más se reconoce que el propósito primordial de la ley es establecer una entidad neutral e independiente, libre de presiones para la investigación y procesamiento criminal de actos ilegales realizados por altos funcionarios y ex funcionarios del gobierno. Además, de subsanar los posibles conflictos o apariencia de conflictos del Secretario de Justicia en procesar altos funcionarios del aparato gubernamental del que es parte. Las enmiendas le concedieron a la OPFEI jurisdicción para encausar criminalmente a individuos que hubiese participado conspirado, provocado o de algún otro modo fuesen autores o co autores en la conducta delictiva imputada a los funcionarios bajo la jurisdicción de la OPFEI y siempre y cuando los delitos imputados sean contra la función pública. Exposición de Motivos de la Ley Número 2 de 2012.

No me cabe duda de que para que la OPFEI tenga jurisdicción para procesar a un individuo tiene que estar atado a un funcionario público, ya sea porque participó de un delito como autor, co autor o simplemente participe. Su jurisdicción está ineludiblemente atada a la imputación de delito contra un funcionario público, aunque el procesamiento no sea simultaneo. **No obstante, en este caso los funcionarios públicos fueron exonerados de responsabilidad. Por eso rechazamos las alegaciones de la OPFEI de que la inhibición del Secretario de Justicia le confiere jurisdicción para procesar al recurrido.** En ausencia de imputación a un servidor público la OPFEI no tiene jurisdicción, ni cabe hablar de la

renuncia de la jurisdicción del Departamento de Justicia. Las comunicaciones entre el Secretario de Justicia y la Presidenta de la OPFEI correctas o incorrectas carecen de relevancia en este caso, porque no tiene ninguna repercusión sobre asunto jurisdiccional. Nada subsana el incumplimiento con los requisitos señalados.

Por las razones expuestas concurro con la opinión mayoritaria en confirmar al TPI, porque la OPFEI no tiene jurisdicción para encausar al recurrido.

En San Juan, Puerto Rico, a 28 de febrero de 2023.


Grace M. Grana Martínez
Jueza de Apelaciones