ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Peticionario<br><br>v.<br><br>**NORBERTO RIVERA SÁEZ**<br><br>Recurrido | TA2026CE00272 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Criminal Núm.:<br>**B DC2025G0002**<br>**B LE2025G0202**<br><br>Sobre:<br>Art. 171, Violación Comunicaciones Personales; Art. 4 (Ley Núm. 21-2021) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Comparece ante nos el Pueblo de Puerto Rico, representado por la Oficina del Procurador General (parte peticionaria) y nos solicita que revisemos la *Resolución* emitida el 3 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI). Mediante la referida decisión, el TPI sostuvo la determinación de causa para juicio de Norberto Rivera Sáez (parte recurrida) en cuanto a la acusación bajo el Artículo 171 del Código Penal de 2012, pero declaró *Ha Lugar* la moción de desestimación al palio de la Regla 64(p) de Procedimiento Criminal, *infra*, relacionada a la acusación por el Artículo 4 de la Ley Núm. 21-2021, *infra*.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y revocamos parcialmente el dictamen impugnado.

**I.**

Según surge del expediente, el 16 de marzo de 2025, el Ministerio Público presentó una denuncia contra Rivera Sáez por

infracción al Artículo 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, mejor conocida como la *Ley para la Prevención e Intervención con la Violencia Doméstica*, 8 LPRA sec. 631 (Ley Núm. 54). El 14 de abril de 2025 se celebró la vista preliminar, a la cual compareció Rivera Sáez con su abogado y el Ministerio Público. Como testigo de cargo asistió la señora Lizmarie Báez Emanuelli (señora Báez Emanuelli), perjudicada en este caso. De conformidad con la prueba presentada, el TPI encontró causa probable para juicio en contra de Rivera Sáez.

A su vez, durante la vista preliminar y acorde con la Regla 6a de Procedimiento Criminal, el foro de instancia levantó un *Acta* y determinó causa probable para arresto contra Rivera Sáez por tres (3) delitos adicionales, a saber: los Arts. 171 y 173 de la Ley Núm. 146 de 30 de junio de 2012, según enmendada, mejor conocida como el *Código Penal de Puerto Rico de 2012*, 33 LPRA secs. 5237 y 5239 (Código Penal) y el Art. 4 de la Ley Núm. 21 del 5 de agosto de 2021, según enmendada, conocida como la *Ley contra la Venganza Pornográfica de Puerto Rico*, 33 LPRA sec. 1344 (Ley Núm. 21-2021). Ese mismo día se presentaron las correspondientes denuncias.

En lo pertinente al asunto que nos ocupa, en la denuncia sobre la Ley Núm. 21-2021, se le imputó a Rivera Sáez que, entre el 14 y 15 de marzo de 2025:

> … ilegal, a sabiendas, a propósito, con conocimiento, y criminalmente difundió múltiples (decenas) correos electrónicos conteniendo material explícito de la perjudicada, desde la cuenta johndoemtbcycling@gmail.com perteneciente a la señora Lizmarie Báez Emanuelli sin autorización a la cuenta bertirivera2024@gmail.com perteneciente al imputado menoscabando la intimidad de la perjudicada al difundir fotos íntimas y material explícito sexual sin su consentimiento.

En cuanto al Art. 171 del Código Penal de 2012 se le imputó lo siguiente:

> …ilegal, a sabiendas, a propósito, con conocimiento, y criminalmente y sin autorización de la señora Lizmarie

Báez Emanuelli y con el propósito de enterarse se apoderó de múltiples (decenas) mensajes de correos electrónicos. Consistente dichas acciones en que este apoderó al reenviar múltiples (decenas) mensajes correos electrónicos los cuales contenían información personal, conversaciones, fotos y/o imágenes íntimas de índole sexual desde la cuenta johndoemtbcycling@gmail.com perteneciente a la señora Lizmarie Báez Emanuelli sin autorización de esta, a la cuenta bertirivera2024@gmail.com perteneciente al imputado todo esto con el propósito de enterarse de estas comunicaciones.

El 8 de octubre de 2025 se llevó a cabo la vista preliminar sobre dichos delitos. La prueba del Ministerio Público consistió en lo testimonios del agente José A. Correa Rivera y la señora Báez Emanuelli. Evaluada la prueba, el TPI determinó causa probable por infracción al Art. 171 del Código Penal y al Art. 4 de la Ley Núm. 21-2021.[1] A raíz de lo anterior, el 10 de octubre de 2025, el Ministerio Público presentó las acusaciones.

El 22 de diciembre de 2025, Rivera Sáez solicitó la desestimación de las acusaciones por violaciones al Art. 171 del Código Penal y el Art. 4 de la Ley Núm. 21-2021, al amparo de la Regla 64(p) de Procedimiento Criminal, *infra*. Arguyó que la interpretación que se realizó al encontrarse causa fue analógica, violentó el principio de legalidad y descansó en una construcción jurídica defectuosa. Añadió que en el presente caso hubo ausencia total de la prueba requerida.

En específico, Rivera Sáez razonó que la conducta descrita en la acusación por infracción al Art. 4 de la Ley Núm. 21-2021 no imputaba delito, porque el tipo legal exige que el material se divulgue a un tercero, lo cual no ocurrió. Ello, toda vez que: "el destinatario final sería la misma persona a quien supuestamente se le menoscaba su intimidad o, en el peor escenario, un intercambio bilateral entre las mismas dos partes del conflicto." Particularizó

---

[1] No se halló causa en la denuncia relacionada al Art. 173 del Código Penal de 2012.

que, según indicó la señora Báez Emanuelli, éste se envió los mensajes a sí mismo y luego los envió a ella.

Por otro lado, Rivera Sáez argumentó que la determinación de causa por la infracción al Art. 171 del Código Penal era improcedente porque la evidencia descrita no establecía los elementos del tipo o lo hacía mediante inferencias analógicas prohibidas. Ello, porque los mensajes de los cuales alegadamente se apropió no constituían comunicaciones, toda vez que, según aseveró la señora Báez Emanuelli, ella guardaba ese material explícito para ella misma, a modo de diario y sin intención de divulgarlo a terceras personas. Manifestó que el Ministerio Público pretendía configurar el delito a partir de reenvíos de correos electrónicos y material que se encontraba asociado a cuentas y dispositivo vinculados a la señora Báez Emanuelli. Asimismo, subrayó que la determinación de causa no podía sostenerse mediante conclusiones abstractas sobre "apoderamiento" sin prueba suficiente en vista preliminar que demostrara cómo el imputado accedió sin autorización; qué comunicaciones fueron efectivamente interceptadas o apropiadas, y cuál fue el propósito específico requerido por la ley. A su vez, adujo que la señora Báez Emanuelli no tenía una expectativa razonable de intimidad sobre el material explícito, por entender que lo allí incluido constituía un acto delictivo punible.

El Ministerio Público se opuso a la solicitud de desestimación. En su escrito, argumentó que Rivera Sáez era el propietario del correo electrónico bertirivera2024@gmail.com y, por ende, constituía el tercero a quien se le divulgó los materiales explícitos de la señora Báez Emanuelli. También alegó que el acusado realizó dicho acto con la intención de humillar, ridiculizar y mancillar la dignidad de la señora Báez Emanuelli y se envió correos electrónicos que contenían información personal, conversaciones, fotos y/o imágenes íntimas de índole sexual desde la cuenta

johndoemtbcycling@gmail.com sin su autorización. En suma, el Ministerio Público manifestó que, de la moción de desestimación no surgía de forma clara, persuasiva y correcta evidencia que le demostrara al Tribunal que hubo ausencia total de prueba, legalmente admisible, respecto a alguno de los elementos del delito o en cuanto a la conexión de Rivera Sáez con los delitos por los que se determinó causa para juicio. Añadió que tampoco la defensa pudo explicar que el Tribunal tomó su determinación de causa no conforme a derecho.

Así las cosas, el 3 de febrero de 2026, el foro *a quo* dictó la *Resolución* que hoy revisamos. Según adelantado, sostuvo la determinación de causa para juicio en cuanto al Art. 171 del Código Penal, por entender que surgió suficiente prueba sobre todos los elementos del delito de violación de comunicaciones personales. Sin embargo, desestimó la acusación en cuanto al Art. 4 de la Ley Núm. 21-2021 sobre divulgación de material explícito a tercero. Lo anterior, bajo el fundamento de que, aunque entendía que Rivera Sáez era un tercero por el hecho de no ser integrante objeto del contenido íntimo que originó el caso, **a los efectos del elemento mismo de la difusión, divulgación, revelación o cesión que dispone la Ley Núm. 21-2021, éste no era un tercero por el hecho de enviarse a sí mismo los documentos**. (Énfasis nuestro).

Inconforme, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General presentó ante nos una *Petición de Certiorari*. Alega que el TPI cometió el siguiente error:

> El Tribunal de Primera Instancia incurrió en un craso error de derecho al desestimar la acusación por el delito tipificado en el Artículo 4 de la Ley Núm. 21-2021, al concluir que el recurrido —pese a que accedió ilegalmente a comunicaciones e imágenes de contenido íntimo y sexual de la perjudicada, y divulgó y reveló dicho material sin autorización a su propio correo electrónico— no constituye un "tercero" conforme a la Ley Contra la Venganza Pornográfica de Puerto Rico.

Por su parte, el 9 de marzo de 2026, Rivera Sáez presentó su alegato en oposición.

Con el beneficio de la comparecencia de ambas partes y de la regrabación de la vista preliminar, procedemos a resolver.

**II.**

**A.**

La *Ley Contra la Venganza Pornográfica de Puerto Rico* se creó a los fines de tipificar como delito la divulgación y publicación de cualquier material explícito de carácter íntimo o sexual y establecer penalidades; entre otras cosas. El Gobierno de Puerto Rico declaró política pública condenar cualquier tipo de divulgación o publicación sin autorización de material explícito de carácter íntimo, por entender que ello constituye una intromisión indebida y violación a la protección contra ataques abusivos a la honra, la reputación, la vida privada y familiar, consagrados en nuestra Constitución. Artículo 2, 33 LPRA sec. 1342.

El Art. 4 de la mencionada Ley, 33 LPRA sec. 1342, dispone:

> Toda persona que, **sin autorización de la víctima, a propósito, con conocimiento o temerariamente menoscabe la intimidad de esta, difunda, divulgue, revele o ceda a un tercero o terceros material explícito de la víctima**, mediante cualquier tipo de comunicación, incluyendo comunicaciones electrónicas o utilizando medios de comunicación electrónica o cibernética, incurrirá en delito grave y será sancionado con pena de reclusión por un término fijo de tres (3) años. De mediar alguna de las circunstancias agravantes establecidas en el Código Penal de Puerto Rico o en las Reglas de Procedimiento Criminal, la pena podrá ser reducida hasta un (1) año de reclusión. Toda persona que amenace a la víctima con difundir, divulgar, revelar o ceder a un tercero o terceros material explícito de la víctima, mediante cualquier tipo de comunicación, incluyendo comunicaciones electrónicas o utilizando medios de comunicación electrónica o cibernética, incurrirá en delito menos grave. (Énfasis nuestro).

> Si la conducta descrita en el párrafo anterior se lleva a cabo para extorsionar o para obtener cualquier tipo de lucro, se incurrirá en delito grave que será sancionado con pena de reclusión por un término fijo de ocho (8) años. Del convicto ser reincidente en esta modalidad, el Tribunal ordenará su inscripción en el Registro de

Personas Convictas Por Delitos Sexuales y Abuso Contra Menores como Ofensor Sexual Tipo I.

A los fines de este Artículo, el que una persona envíe o intercambie una imagen, audio, video o cualquier otro material mediante el uso de cualquier dispositivo electrónico a través de cualquier medio, no significa una renuncia a la expectativa razonable de privacidad e intimidad de la víctima.

[...]

## B.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Román Feliciano*, 181 DPR 679, 684-690 (2011).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).[3] En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

---

[2] Véase, además, *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001).
[3] Véase, además, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

### C.

En nuestro ordenamiento jurídico, el derecho a vista preliminar es de naturaleza estatutaria y se encuentra regulado por la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23. Esta dispone que debe celebrarse una vista en todo caso en que se acuse a una persona por la comisión de un delito grave. Este cedazo judicial tiene el propósito de evitar que una persona sea sometida

arbitraria e injustificadamente a los rigores de un juicio. Véase, *Pueblo v. Ortiz, Rodríguez*, 149 DPR 363, 374 (1999).

Para lograr establecer la existencia de causa probable al amparo de la Regla 23, *supra*, el Ministerio Público debe presentar **prueba que demuestre los elementos constitutivos de delito y la conexión del imputado con su comisión**. Por su parte, el imputado puede presentar prueba a su favor y contrainterrogar a los testigos de cargo. (Énfasis nuestro).

Tras examinar la prueba presentada, corresponderá al juez decretar si se ha establecido causa probable para acusar. De determinar que la hay, el juez deberá autorizar que se presente la acusación contra el imputado; de lo contrario, lo deberá exonerar y poner en libertad si es que está detenido. *Pueblo v. Rivera Vázquez*, 177 DPR 868, 875 (2010); *Pueblo v. Ríos Alonso*, 149 DPR 761, 766-767 (1999).

Ahora bien, durante la etapa de la vista preliminar, no se hace una adjudicación en los méritos sobre la culpabilidad de la persona imputada, pues esta etapa procesal no constituye un 'mini juicio'. En virtud de ello, el Ministerio Público no está obligado a presentar toda la prueba que tenga en su poder, sino únicamente aquella prueba que estime suficiente para sustentar su planteamiento de que existe causa para acusar. *Pueblo v. Ortiz, Rodríguez*, supra, pág. 375. No obstante, la prueba presentada en vista preliminar debe ser evidencia admisible en el juicio. Regla 103(F) de las Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 103(F). Véanse, también, *Pueblo v. Rivera Vázquez*, supra, pág. 876; *Pueblo en el interés del menor KJSR,* 172 DPR 490, 498 (2007).

La Regla 23 de Procedimiento Criminal, *supra,* provee las siguientes garantías al imputado en esa etapa del proceso penal: 1) notificación y citación a la vista al menos cinco días antes de su señalamiento; 2) asistencia de abogado(a); 3) acceso a las

declaraciones juradas de las personas testigos del Estado que declaren en la vista; 4) oportunidad de contrainterrogar esos testigos y ofrecer prueba a su favor; 5) que la prueba que presente el Ministerio Público sea admisible en el juicio y cumpla con el estándar probatorio aplicable, y 6) que la vista sea pública. *Pueblo v. Santiago Cruz y en interés Menor FLR*, 205 DPR 7, 28-29 (2020).

En suma, la celebración de la vista preliminar tiene como finalidad establecer la probabilidad de que el delito fue cometido por la persona encausada en el procedimiento criminal. *Pueblo v. Rivera Vázquez, supra*, pág. 875; *Pueblo v. Rodríguez Aponte*, 116 DPR 653, 664 (1985). En consecuencia, el *quantum* de prueba requerido en esta etapa de los procedimientos no es el aplicable al juicio —es decir, más allá de duda razonable—, sino que **basta con que exista una *scintilla* de evidencia**. *Pueblo v. Rivera Cuevas,* 181 DPR 699, 707 (2011). (Énfasis nuestro).

De otra parte, la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64, es el vehículo procesal que tiene a su disposición toda persona imputada de delito para solicitar la desestimación de la denuncia o acusación bajo el siguiente fundamento:

…

> (p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de los mismos, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho.[4]

…

Al amparo de la referida Regla, el imputado de delito puede impugnar la determinación de causa probable por dos fundamentos, a saber: (1) por ausencia total de prueba o (2) por la violación de algún requisito o derecho procesal que debió haber sido garantizado. *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 626 (2021); *Pueblo v.*

---

[4] Véase, además, *Vázquez Rosado v. Tribunal Superior*, 100 DPR 592 (1972).

*Almodóvar Negrón,* 198 DPR 724, 728-729 (2017). Ambos fundamentos requieren una demostración clara del error que se imputa al magistrado, pues toda determinación de causa probable para acusar goza de una presunción de corrección. *Pueblo v. Rivera Vázquez,* 177 DPR 868, 878, (2010); *Pueblo v. Andaluz Méndez,* 143 DPR 656, 662 (1997); *Pueblo v. Rivera Alicea,* 125 DPR 37, 42–43 (1989).

### III.

En su recurso, el Procurador General esencialmente alega que el foro de instancia erró al desestimar el cargo por violación al Artículo 4 de la Ley Núm. 21-2021, fundamentado en que Rivera Sáez no constituye un tercero por el hecho de enviarse a sí mismo el material explícito perteneciente a la señora Báez Emanuelli. Sostiene que interpretar que Rivera Sáez no constituye el tercero al cual hace referencia la ley, se circunscribe a la acepción ordinal de dicho término.

Al mismo tiempo, el Procurador General arguye que la decisión impugnada no armoniza con el historial legislativo, ni con el propósito de la Ley Núm. 21-2021 y, además, contraviene con la política pública de "condenar cualquier tipo de divulgación o publicación sin autorización de material explícito de carácter íntimo" dispuesto en el Artículo 2. Reitera que Rivera Sáez sí es un "tercero" para efectos de la conducta tipificada en la Ley aludida porque difundió, divulgó, reveló y cedió -sin autorización de la víctima- mediante una comunicación electrónica (al enviarse a su propio *email* desde el dispositivo de la señora Báez Emanuelli) múltiples imágenes de carácter íntimo que pertenecían exclusivamente a la perjudicada. En suma, es su parecer que "tercero" para efectos de divulgación es cualquier persona a quien la víctima no deseaba que

tuviera acceso a sus imágenes y no se limita a una connotación numérica.[5]

De otra parte, Rivera Sáez razona que el Artículo 4 de la Ley Núm. 21 2021 no criminaliza toda forma de manejo no consentido de material íntimo, sino, más bien, una modalidad particular de lesión a la intimidad, entiéndase, la difusión no consentida del material hacia terceras personas. Argumenta que el Ministerio Público no satisfizo el elemento de difundir, divulgar, revelar o ceder material explícito a un tercero o terceros y ahora pretende que este Foro intermedio declare que una alegada remisión al propio imputado equivale, jurídicamente, a una divulgación a un tercero. Entiende que el TPI decidió adecuadamente, conforme al principio de legalidad.

En armonía con lo anterior, Rivera Sáez arguye que el mencionado delito requiere tres sujetos distintos; la víctima, el autor y el tercero receptor. Puntualiza que, si el tercero desaparece y el propio autor ocupa ambas posiciones a la vez, falta un elemento esencial del tipo. Es su contención que la teoría del Procurador General es que, donde la ley dice "tercero", el Tribunal lea "cualquier persona no autorizada".

Además, Rivera Sáez esboza que la jurisprudencia de los estados citada por el Procurador General no sostiene su tesis porque: (1) la controversia en *People v. Iniguez* era una jurídicamente distinta y (2) en *People v. Devine* se interpreta un estatuto materialmente diferente, mediante un razonamiento que en Puerto Rico colisionaría con el principio de legalidad. En esa dirección, subraya que la disposición evaluada en *People v. Devine*, supra, no contenía una exigencia expresa de transmisión "a un tercero o

---

[5] La parte peticionaria incluyó en su escrito, a modo persuasivo, casos resueltos por distintos tribunales federales, entre estas, *People v. Iniguez*, 202 Cal. Rptr. 3d 237 (Cal. Super. App. Dept. 2016) y *People v. Devine*, 237 N.E.3d 429 (Ill. 2023).

terceros" como la que sí aparece en el Artículo 4 de la Ley Núm. 21-2021. Añade que importar desde *People v. Devine* una lectura amplia del verbo "*disseminate*" equivaldría a ignorar que el legislador de Puerto Rico escogió deliberadamente una redacción distinta y más precisa. Ante ello, expresa que los elementos del delito no pueden relajarse o reconstruirse solo porque la conducta parezca moralmente censurable.[6]

Ponderadas ambas posturas, así como los casos de tribunales federales traídos a nuestra atención, colegimos que le asiste la razón a la parte peticionaria.

En el caso de autos, conforme a la prueba presentada en la vista preliminar, con relación a la denuncia por el Art. 4 de la Ley Núm. 21-2021, el TPI determinó causa probable para juicio contra Rivera Sáez. No obstante, la juzgadora de los hechos que atendió la moción de desestimación presentada por el acusado, ordenó la desestimación de la acusación, al entender que, aunque Rivera Sáez era "un tercero por el hecho de no ser integrante objeto del contenido íntimo que originó el caso", a los efectos del elemento mismo de la difusión, divulgación, revelación o cesión, éste no era "un tercero por el hecho de enviarse a sí mismo los documentos".

Ahora bien, de la regrabación de la vista preliminar no surge que hubo ausencia total de prueba sobre la probabilidad de la concurrencia de los elementos del delito bajo la Ley Núm. 21-2021 y su vínculo con Rivera Sáez. Recordemos que en esta etapa de los procesos el Estado no viene obligado a presentar toda la evidencia que posee para establecer la culpabilidad del imputado. Lo verdaderamente esencial es que la información suministrada en la vista sea suficiente para que el juez o la jueza halle causa probable

---

[6] Rivera Sáez trae a nuestra consideración lo dispuesto en *United States v. Grzybowicz,* 747 F.3d 1296 (11th Cir. 2014) y *United States v. Page*, 80 M.J. 760, 763–67 (N-M. Ct. Crim. App. 2021).

para creer que se ha cometido un delito y que el imputado lo cometió.[7] En esa dirección, resulta pertinente resaltar que durante la vista preliminar no se hace una adjudicación en los méritos sobre la culpabilidad de la persona imputada porque no constituye un "mini juicio". Si no hay ausencia total de prueba, no procede sustituir el criterio del juez que atendió la moción de desestimación por el del magistrado que presidió la vista preliminar. Véase, *Pueblo v. Rivera Cuevas*, supra, pág. 708.

Así las cosas, coincidimos con la postura del Procurador General en que, dadas las circunstancias particulares que nos presenta el caso, y ante el hecho de que la Ley atañida no define el término "tercero", Rivera Sáez constituye el "tercero" al que hace referencia el Art. 4. Interpretar lo contrario vulneraría el propósito de la ley, que, precisamente, busca erradicar la deplorable conducta de divulgación o publicación sin autorización de material explícito de carácter íntimo, por constituir una intromisión indebida y una violación a la protección contra ataques abusivos a la honra, la reputación, la vida privada y familiar, consagrados en nuestra Constitución. Artículo 2 de la Ley Núm. 21-2021.

La antedicha interpretación no se hace en el vacío. Nótese que el acto perpetrado por Rivera Sáez, de enviar el material explícito que obtuvo sin autorización de la señora Báez Emanuelli, es lo que pretende proteger la Ley. Ese material explícito salió -de un lugar privado y protegido, del cual la señora Báez Emanuelli no quería que nadie tuviera conocimiento, ni mucho menos acceso- a un destino del cual ahora no posee control. Por tanto, tiene exactamente el mismo resultado el que Rivera Sáez se haya enviado el *email* a sí mismo o lo haya enviado a otra persona; menoscabar la intimidad

---

[7] Véase, *Pueblo v. Jiménez Cruz*, 145 DPR 803, 813 (1998).

de la víctima e infligir el daño que precisamente la legislatura procura erradicar por medio de la Ley Núm. 21-2021.

En fin, colegimos que la determinación de causa probable para juicio en cuanto al delito concernido fue una conforme a derecho, pues la prueba presentada por el Ministerio Público constituyó la *scintilla* de evidencia requerida en esta etapa de los procedimientos. Es decir, sustenta la existencia de causa probable, en consideración al *quantum* de prueba necesario para creer que Rivera Sáez cometió el delito tipificado en el Art. 4 de la Ley Núm. 21-2021. Procede dejar sin efecto la desestimación ordenada por el foro de instancia. La culpabilidad o no culpabilidad de Rivera Sáez deberá dirimirse en el juicio en su fondo correspondiente.

**IV.**

Por las consideraciones que anteceden, expedimos el auto de *certiorari* y revocamos parcialmente el pronunciamiento recurrido, solo en cuanto a la decisión relacionada al Art. 4 de la Ley Núm. 21-2021. Se reinstala la determinación de causa probable para juicio contra Rivera Sáez por violación a dicho Artículo y la correspondiente acusación. Se mantiene inalterada la determinación de causa probable para juicio en cuanto al Art. 171 del Código Penal de 2012.

Se devuelve el caso al foro primario para que continúe con los procedimientos de rigor.

Notifíquese a la Juez Paola N. Morales Vélez, Jueza Superior del Tribunal de Primera Instancia, Sala de Aibonito y a la Jueza Administradora Regional, Marielem Padilla Cotto.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria. La Jueza Díaz Rivera disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones